1  Guy Ruttenberg, Bar No. 207937
   guy@ruttenbergiplaw.com
2  Steve A. Papazian, Bar No. 288097
   steve@ruttenbergiplaw.com
3  RUTTENBERG IP LAW,
   A PROFESSIONAL CORPORATION
4  1801 Century Park East, Suite 1920
   Los Angeles, CA 90067
5  Telephone: (310) 627-2270
6  Facsimile: (310) 627-2260

7  *Attorneys for Plaintiff Roxana Towry Russell, d/b/a*
8  *Roxy Russell Design*

9

10             **UNITED STATES DISTRICT COURT**

11       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12

13

14  ROXANA TOWRY RUSSELL,            Case No. 2:19-cv-05495-MWF-JC
15  d/b/a ROXY RUSSELL DESIGN,
16              Plaintiff,           **PLAINTIFF'S MEMORANDUM OF
                                     POINTS AND AUTHORITIES IN
17       v.                          SUPPORT OF HER MOTION FOR
                                     PARTIAL SUMMARY JUDGMENT**
18  WALMART INC., *a Delaware
19  corporation*; WAL-MART.COM
    USA, LLC, *a California Limited   Date:      February 3, 2020
20  Liability Corporation*,           Time:      10:00 am
                                     Judge:     Hon. Michael W. Fitzgerald
21              Defendants.

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

# **TABLE OF CONTENTS**

I.    INTRODUCTION ....................................................................................1

II.   FACTUAL BACKGROUND.................................................................3

    A.    Ms. Russell's Copyrighted Works ...............................................3

    B.    Walmart's Accused Product Listings............................................5

    C.    The Parties' Pre-Litigation and Other Early Communications................7

    D.    Walmart's Continued Failure to Provide Discovery or Evidence
        That Substantiates Its Contentions .............................................8

    E.    The Parties' Local Rule 7-3 Meet and Confer ........................................9

III.  LEGAL STANDARD ........................................................................10

IV.   ARGUMENT......................................................................................10

    A.    The Court Should Enter Summary Judgment in Favor of Ms.
        Russell on Counts I and II .........................................................11

        1.    There is No Genuine Dispute of Material Fact That Ms.
             Russell Owns Valid Copyrights in Her Medusa and Polyp
             Pictorial Works. ...........................................................11

        2.    There is No Genuine Dispute of Material Fact That Walmart
             Copied Plaintiff's Medusa and Polyp Pictorial Works.................11

        3.    Walmart Has No ***Evidence*** to Refute Plaintiff's Claims. ............13

    B.    The Court Should Also Enter Summary Judgment in Favor of
        Ms. Russell on Walmart's Alleged "Affirmative Defenses" .................18

        1.    Walmart's First Affirmative Defense (Failure to State a
             Claim) Lacks Any Factual Support. ............................19

        2.    Walmart's Second Affirmative Defense (Fair Use) Lacks
             Any Factual Support. ....................................................19

        3.    Walmart's Third Affirmative Defense (First Sale Doctrine) is
             Not Cognizable and Lacks Any Factual Support. ........................20

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

4.    Walmart's Fourth Affirmative Defense (Non-infringement) Lacks Any Factual Support......................................................20

5.    Walmart's Fifth Affirmative Defense (DMCA Safe Harbor) Lacks Any Factual Support......................................................21

6.    Walmart's Sixth and Seventh Affirmative Defenses (License) Lack Any Factual Support. .........................................................23

7.    Walmart's Eighth Affirmative Defense (*De Minimis* Use) is Not Cognizable and Lacks Any Factual Support. ........................23

8.    Walmart's Ninth Affirmative Defense (Reservation of Rights) Is Not Cognizable and Lacks Any Factual Support.........24

V.   CONCLUSION.......................................................................24

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

# **TABLE OF AUTHORITIES**

Cases

*578539 B.C., Ltd. v. Kortz*,

    No. CV1404375MMMMANX, 2014 WL 12572679 (C.D. Cal. Oct. 16, 2014) ....21

*Bademyan v. Receivable Mgt. Services Corp.*,

    No. CV0800519MMMRZX, 2009 WL 605789 (C.D. Cal. Mar. 9, 2009) .............16

*Baden Sports, Inc. v. Molten*,

    No. C06-210MJP, 2007 WL 2056502 (W.D. Wash. July 16, 2007).......................17

*C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*,

    213 F.3d 474 (9th Cir. 2000) ...............................................................................10

*Celotex Corp. v. Catrett*,

    477 U.S. 317 (1986).............................................................................................18

*Chowning v. Kohl's Dept. Stores, Inc.*,

    No. CV1508673RGKSPX, 2016 WL 7655753 (C.D. Cal. Apr. 1, 2016)...............24

*Dedvukaj v. Equilon Enterprises, LLC*,

    301 F. Supp. 2d 664 (E.D. Mich. 2004), *aff'd* 132 Fed. App'x 582 (6th Cir. 2005) ...15

*Dream Games of Arizona, Inc. v. PC Onsite*,

    561 F.3d 983 (9th Cir. 2009) ...............................................................................11

*Fram v. Memory Enters., LLC*,

    No. CV-17-7172-MWF JPRx), 2018 WL 5903922 (C.D. Cal. Sept. 17, 2018) .....16

*GEICO Cas. Co. v. Beauford*,

    No. 8:05-cv-697-T-24EAJ, 2007 WL 2412953 (M.D. Fla. Aug. 21, 2007) ...........17

*Gener-Villar v. Adcom Group, Inc.*,

    530 F. Supp. 2d 392 (D.P.R. 2007).......................................................................20

*Gracing Inc. v. E.K. Blue, Inc.*,

    No. CV 16-5107 MWF (SS), 2017 WL 5640516 (C.D. Cal. June 28, 2017)....10, 13

*Henly v. DeVore*,

    733 F. Supp. 2d 1144 (C.D. Cal. 2010) ................................................................19

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

*Houghton v. South*,

   965 F.2d 1532 (9th Cir. 1992) .................................................................10

*Intel Corp. v. Hartford Accident & Indem. Co.*,

   952 F.2d 1551 (9th Cir. 1991) ................................................................10

*L.A. Gear, Inc. v. E.S. Originals, Inc.*,

   859 F. Supp. 1294 (C.D. Cal. 1994) ........................................................2

*LA Printex Industries, Inc. v. Buckle, Inc.*,

   No. CV0902468DMGFFMX, 2010 WL 11596749 (C.D. Cal. May 21, 2010).. 10-11

*Littlefield v. NutriBullet, LLC*,

   No. cv-16-6894-MWF (SSx), 2017 WL 10439791 (C.D. Cal. Nov. 3, 2017)........17

*Marvix Photographs, LLC v. Livejournal, Inc.*,

   873 F.3d 1045 (9th Cir. 2017) .................................................................21

*Michael v. Liberty*,

   547 F. Supp. 2d 43 (D. Me. 2008) ..........................................................16

*Monge v. Maya Magazines, Inc.*,

   688 F.3d 1164 (9th Cir. 2012) ......................................................... 18-19

*Newton v. Diamond*,

   388 F.3d 1189 (9th Cir. 2004) .................................................................23

*Panaderia La Diana, Inc. v. Salt Lake City Corp.*,

   342 F. Supp. 2d 1013 (D. Utah 2004), *aff'd sub nom*...............................15

*Rogers v. Bank of Am.*, N.A.,

   No. 13-1333-CM-TJJ 2014 WL 4681031 (D. Kan. Sept. 19, 2014)......................17

*Rosen v. R and R Auction Co., LLC*,

   No. CV1507950BROJPRX, 2016 WL 7626443 (C.D. Cal. Aug. 31, 2016) ..........19

*Roxana Towry Russell v. Invech, Inc. et al.,*

   No. 5:19-cv-01074-FMO-SHK (C.D. Cal.)...............................................2

*Solis v. Zenith Capital, LLC*,

   No. C 08-4854 PJH, 2009 WL 1324051 (N.D. Cal. May 8, 2009) .......................24

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

*Starbucks Corp. v. Glass*,
   No. 216CV03937ODWPJW, 2016 WL 6126255 (C.D. Cal. Oct. 20, 2016)..........11

*Three Boys Music Corp. v. Bolton*,
   212 F.3d 477 (9th Cir. 2000) ...................................................11

*Trevizo v. Adams*,
   455 F.3d 1155 (10th Cir. 2006) ...............................................15

*Williams v. El Camaron, LLC*,
   No. cv-19-2689-RSWL (Ex), 2019 WL 4081056 (C.D. Cal. Aug. 29, 2019) ........19

Rules/Statutes

17 U.S.C. § 101 ..........................................................................21

17 U.S.C. § 104 ..........................................................................21

17 U.S.C. § 108 ..........................................................................21

17 U.S.C. § 109 ..........................................................................20

Fed. R. Civ. P.  34 ......................................................................14

Fed. R. Civ. P. 26 ...............................................................*passim*

Fed. R. Civ. P. 30 ...............................................................*passim*

Fed. R. Civ. P. 37 .......................................................................16

Fed. R. Civ. P. 56 ...............................................................*passim*

L.R. 7-3 ..........................................................................*passim*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

# I.   **INTRODUCTION**

Plaintiff Roxana Towry Russell, d/b/a Roxy Russell Design ("Plaintiff" or "Ms. Russell") respectfully seeks partial summary judgment pursuant to Fed. R. Civ. P. 56.  Specifically, there is no genuine dispute of material fact that Defendants Walmart Inc. and Wal-mart.com USA, LLC (collectively, "Walmart" or "Defendants") have infringed Ms. Russell's Medusa and Polyp pictorial works (Counts I and II of Ms. Russell's Complaint) and Ms. Russell is entitled to judgment as a matter of law.

The undisputed evidence confirms that Walmart sells products on its website using Ms. Russell's copyrighted images.  Walmart is liable for those images.  To be clear, this case does ***not*** involve third-party vendors that sell infringing products through Walmart's marketplace.  Ms. Russell brought this case against Walmart for sales ***by Walmart***.  The following is uncontroverted:

- Plaintiff owns registered copyrights in her Medusa and Polyp pictorial works;

- Walmart is a retailer that sells products on its website, www.walmart.com;

- Product listings on walmart.com contain a "Sold & shipped by" label that shows whether a given product is sold and shipped by Walmart or a third-party vendor;

- Certain product listings on Walmart's website use Ms. Russell's Medusa and Polyp pictorial works ("Accused Product Listings"), without her consent;

- The Accused Product Listings on walmart.com expressly state that the products shown therein are "Sold & shipped by Walmart"; and

- The Accused Product Listings do not reference the name of any third-party responsible for posting the content therein.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Based on these uncontroverted facts, Plaintiff is entitled to partial summary judgment on Counts I and II in her Complaint.[1]

To be sure, Walmart has denied Ms. Russell's claims of copyright infringement. But "mere denials or conclusory statements are insufficient" to defeat a summary judgment motion. *L.A. Gear, Inc. v. E.S. Originals, Inc.*, 859 F. Supp. 1294, 1302 (C.D. Cal. 1994). Thus far in this litigation, Walmart has largely refused to produce any discovery, much less ***evidence***, that would give rise to a genuine dispute of material fact. Indeed, prior to receiving Plaintiff's Local Rule 7-3 meet and confer letter regarding this motion, Walmart had not produced a single document in response to Plaintiff's document requests. And Walmart's recent eleventh hour document production (which consists of 10 pages) only ***confirms*** that Walmart is responsible for the Accused Product Listings.

Worse yet, Walmart failed to appear for a duly noticed Fed. R. Civ. P. 30(b)(6) deposition. (Although Ms. Russell served the Fed. R. Civ. P. 30(b)(6) notice in October 2019, Walmart ignored that Notice and unilaterally insisted that it would not appear for any deposition before late February 2020). As a result, five months after first requesting information from Walmart and two months into the discovery period, Walmart has failed to produce a shred of evidence in this litigation that supports its denial of liability. Summary judgment of Ms. Russell's Counts I and II for copyright infringement is warranted.

Further, as set forth below, all nine of Walmart's boilerplate and conclusory "affirmative defenses" lack any factual support in the record. In many instances, these defenses are not cognizable or are very clearly inapplicable to the facts of this

---

[1] Separate and apart from the Accused Product Listings—which identify Walmart as the seller—there are ***different*** product listings on walmart.com that also infringe Ms. Russell's copyrights. Because those listings identify "INVECH INC" as the seller, Ms. Russell has also brought a separate lawsuit against INVECH INC" dealing only with those listings. *See* Case No. 5:19-cv-01074-FMO-SHK, *Roxana Towry Russell v. Invech, Inc. et al.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

case—*e.g.*, allegations of *de minimis* use where Plaintiff has alleged copying of the entirety of her pictorial works and a misguided assertion of the first sale doctrine to the reproduction of pictorial works.  The Court should enter summary judgment against Walmart on all nine of its affirmative defenses.

## II.   FACTUAL BACKGROUND

### A. Ms. Russell's Copyrighted Works

Ms. Russell is a sculptural artist based in Pasadena, California in the business of designing and selling pendant lamps.  (SUF 1).  The origins of Ms. Russell's lamps trace back to her time as a student at the Art Center College of Design in Pasadena, California, where she began designing a line of pendant lamps that resemble the ethereal and luminescent quality of jellyfish.  (SUF 2).  After Ms. Russell's lamps began garnering significant attention and praise, she decided to launch her business (Roxy Russell Design) to bring her lamps to the market.  (SUF 3).  Ms. Russell sells four different lamps (Medusa, Polyp, Ophelia, and Hydra), which are pictured below:



Medusa

Polyp

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT



(SUF 4).

As relevant here, Ms. Russell holds registered copyrights in the photographs of these lamps as pictorial works, including the Medusa and Hydra photographs. (SUF 5–7).  Attached to the Declaration of Steve Papazian as Exhibit 9 are true and correct copies of Ms. Russell's certified Certificates of Registration of these images produced by the Copyright Office, and the deposits submitted therewith.  (SUF 8).

After she launched her business, Ms. Russell's lamps continued to garner significant attention across the world.  (SUF 9).  For instance, Ms. Russell's lamps have been prominently displayed and/or featured in hit television programs (*e.g.*, *Pretty Little Liars*, *Extreme Makeover*), popular clothing stores (*e.g.*, J Crew), and other marquee locations such as the La Rochelle Aquarium in France and the Aquarium of the Pacific in Long Beach, California.  (SUF 10).  Ms. Russell sells her lamps to customers both large and small, making individual sales online via her website (www.roxyrussell.com) and large bulk orders for customers like the W Hotel in the Maldives.  (SUF 11).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**B. Walmart's Accused Product Listings**

Defendants Walmart, Inc. and Wal-Mart.com, USA LLC (collectively, "Walmart" or "Defendants") operate a retail business that sells products, *inter alia*, online at www.walmart.com (the "Walmart Marketplace"). (SUF 12). On its online marketplace, both Walmart itself and third parties (which Walmart calls "Marketplace Sellers") advertise and sell products to the public. (SUF 13–14).

Walmart maintains an online "Help Center" to provide information to customers and answer frequently asked questions. (SUF 18). One such "frequently asked question" is "Is My Item from a Marketplace Seller?" (SUF 19–20). In response to this question, Walmart states "[w]hen you purchase an item from a Marketplace Seller, you will see the Seller's name listed in the Order Details within Your Account." (SUF 21). Walmart also states that a customer can "[c]heck the 'Sold & Shipped' label to see if the item is from a Marketplace Seller." (SUF 22).

In or around at least April 2019, Walmart published listings for products "Sold & shipped by Walmart" that included direct copies of Ms. Russell's copyrighted Medusa and Polyp pictorial works. (SUF 23–26). These product listings include the Walmart asterisk logo alongside the "Sold & shipped" label and include a Walmart product number. (SUF 31). Screenshots of sample listings are reproduced below:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT



MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

(SUF 23).  Each of the two product listings above states that the products are "Sold & shipped by Walmart."  (*Id.*)

In order to further investigate Walmart's conduct, Plaintiff's counsel purchased product samples from the listings above.  (SUF 32–33).  The email confirmation for these products confirmed that the two products purchased would "Ship[] from Walmart."  (SUF 34, 37).  Plaintiff separately purchased products from listings by "INVECH INC" on the Walmart Marketplace.  (SUF 35).  The email confirmation for those Invech products states the products "Ship[] from INVECH INC."  (SUF 36).  Further, the return policies for the "Sold & shipped by Walmart" and the "Sold & shipped by INVECH INC" products were different.  (SUF 39–42, 44).  Consistent with Walmart's return policy, which allows returns within 90 days, the products purchased from Walmart could be returned until July 9, 2019.  (SUF 43).  Consistent with Invech Inc's return policy, which allows returns within 30 days, the products purchased from that company could be returned until May 10, 2019.  (SUF 45).

### C. The Parties' Pre-Litigation and Other Early Communications

Before filing suit, on May 20, 2019, Plaintiff (through counsel) sent Walmart a letter detailing her allegations, along with a draft complaint, and inviting Walmart to discuss the matter.  (SUF 48).  In-house counsel at Walmart, Ms. Jenna Johnson, responded to Plaintiff's letter on June 3, 2019, and the parties exchanged various emails and held several telephone calls over the ensuing weeks.  (SUF 49).  Because Walmart failed to take Ms. Russell's claims seriously, the parties' pre-litigation discussions stalled and, on June 24, 2019, Ms. Russell filed suit against Walmart alleging claims of copyright infringement, Lanham Act violations, common law unfair competition, and unfair competition under California law.  (SUF 50).

Even so, Ms. Russell continued to engage Walmart regarding the issues raised in her Complaint, whereas Walmart continued to evade the issues raised by Ms. Russell.  (SUF 51–53).  For example, despite the listings indicating that the products

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1    were "Sold & shipped by Walmart," on July 3, 2019, Walmart's counsel stated that a

2    company called "Invech Inc" was supposedly responsible for the postings identified

3    by Plaintiff, even though that company apparently denied that assertion.  (SUF 51).

4    Without explanation, one week later, Ms. Johnson then stated that a separate

5    company called "Sunsea Grocery" was responsible for the product listings.  (SUF

6    54).  Walmart's in-house counsel did not provide any evidence supporting her

7    assertions.

8          Plaintiff then continued her pre-litigation discussions with Walmart's outside

9    counsel at White & Case LLP.  (SUF 55).  On August 9, 2019, Walmart's counsel

10   claimed that the accused product listings shown as "Sold & shipped by Walmart"

11   were supposedly "coded incorrectly" by a third-party vendor.  (SUF 56–57).  Counsel

12   for Walmart promised to produce documents corroborating this alleged "coding

13   error," but never followed through on that promise.  (SUF 58, 61).  Walmart then

14   offered to produce a sworn affidavit from Walmart explaining this "coding error," but

15   that, too, it failed to do.  (SUF 59–60).

16        **D. Walmart's Continued Failure to Provide Discovery or Evidence That**

17           **Substantiates Its Contentions**

18         The parties held their Fed. R. Civ. P. 26(f) conference on October 23, 2019.

19   (SUF 62).  Shortly thereafter, Plaintiff served Walmart with a Fed. R. Civ. P. 30(b)(6)

20   notice and document requests.  (SUF 63–65, 79–81).  Even before designating a

21   corporate designee to testify, though, on November 5, 2019, Walmart stated that "the

22   holiday season is incredibly busy for Walmart and it will not be able to produce an

23   available date for any potential witness until at least January 2020."  (SUF 66–67).

24   Plaintiff promptly responded, objecting to Walmart's attempt to postpone this

25   important discovery for months and requesting an immediate meet and confer.  (SUF

26   68).  In this meet and confer, Plaintiff told Walmart she would proceed with this

27   deposition unless Walmart proposed a reasonable alternative date (based on an actual

28   witness's availability) or Walmart moved for a protective order.  (SUF 69–72).

8                                           2:19-cv-05495-MWF-JC

Walmart did not propose a single date in 2019, never sought a protective order, and then failed to appear for its duly-noticed deposition on November 19, 2019.  (SUF 73–75).  Walmart now claims that it will not present a witness until, at the earliest, late February 2020.  (SUF 76).

Walmart has also refused to make any meaningful document production in response to Plaintiff's document requests.  (SUF 114–18).  Plaintiff served document requests on Walmart on November 8, 2019, seeking documents that support Walmart's assertion that a third-party is responsible for the "Sold & shipped by Walmart" postings at issue in this litigation.  (SUF 79–81).  Walmart served written responses and objections on December 9, 2019, but Walmart did not produce any documents at that time.  (SUF 82–84, 87).  Nor did Walmart specify any date for producing documents.  (SUF 85–86).

In sum, more than five months after Plaintiff first asked Walmart for evidence corroborating its allegations that a third-party posted the accused product listings, Walmart has not produced any corroborating documents or sworn testimony.

### E.  The Parties' Local Rule 7-3 Meet and Confer

On December 18, 2019, Plaintiff sent Walmart a Local Rule 7-3 letter requesting a meet and confer to discuss the instant motion.  (SUF 103).  The next day, Walmart responded to Plaintiff's email, stating, for the first time, that it "will be serving discovery shortly on Plaintiffs [sic]."  (SUF 104–05).  Walmart then served document requests on Plaintiff less than an hour before the parties were scheduled to meet and confer on the instant motion on December 20, 2019.  (SUF 106–07).  Walmart has not served any other discovery on Plaintiff or any third party in this litigation.  (SUF 108–09).  Ultimately, the parties met and conferred telephonically on December 20, 2019 and were not able to reach a resolution.  This motion follows.

In the meantime, just as Plaintiff was finalizing this motion, Walmart produced six documents on December 24, 2019.  (SUF 114–18).  The entirety of the production is 10 pages, including two excel spreadsheets.  (SUF 114).  Included in this document

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

production is a spreadsheet showing that "Walmart.com" is the "seller" of at least four products that Plaintiff has accused of infringement in this litigation.  (SUF 114–16).  To date, Walmart has not produced any other documents beyond the 10 pages it produced on December 24, 2019.  (SUF 118).

## III.   LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'"  *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).  Once the moving party comes forward with sufficient evidence, "the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense."  *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991) (citation omitted).

"To establish a copyright infringement claim a plaintiff must show: (1) ownership of the copyright and (2) that the defendant copied plaintiff's copyrighted work."  *Gracing Inc. v. E.K. Blue, Inc.*, CV 16-5107 MWF (SS), 2017 WL 5640516, at *2 (C.D. Cal. June 28, 2017).  Given that direct evidence of copying is usually unavailable, "a plaintiff may satisfy the second prong by showing that the infringer had access to the work and that the two works are substantially similar."  *Id.* Where a plaintiff's copyrighted work and a defendant's accused work are identical, access is presumed.  *LA Printex Industries, Inc. v. Buckle, Inc.*, Case No. CV0902468DMGFFMX, 2010 WL 11596749, at *3 (C.D. Cal. May 21, 2010).

## IV.   ARGUMENT

Summary adjudication of Ms. Russell's Counts I and II of copyright infringement is appropriate.  The uncontroverted evidence shows that (1) Ms. Russell

owns valid copyrights in her Medusa and Polyp pictorial works, and (2) Walmart unlawfully copied, reproduced, and publicly displayed exact copies of these works on its website, www.walmart.com.

Moreover, Ms. Russell seeks summary judgment against Walmart's nine boilerplate "affirmative defenses."  To the extent these defenses are even cognizable (which many are not), they lack any factual support and resolution on summary judgment is appropriate.

**A. The Court Should Enter Summary Judgment in Favor of Ms. Russell on Counts I and II**

    1. <u>There is No Genuine Dispute of Material Fact That Ms. Russell Owns Valid Copyrights in Her Medusa and Polyp Pictorial Works.</u>

As set forth above, it is undisputed that Ms. Russell registered her Medusa and Polyp pictorial works under Registration No. VA 1-765-599.  (SUF 5–8).  "A certificate of registration raises the presumption of copyright validity and ownership." *Dream Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 987 n.2 (9th Cir. 2009). As such, Plaintiff's burden of production is satisfied as to this first element.

    2. <u>There is No Genuine Dispute of Material Fact That Walmart Copied Plaintiff's Medusa and Polyp Pictorial Works.</u>

A plaintiff can establish copying through circumstantial evidence by showing "that the infringer had access to the work and that the two works are substantially similar." *Starbucks Corp. v. Glass*, 216CV03937ODWPJW, 2016 WL 6126255, at *4 (C.D. Cal. Oct. 20, 2016) (citations omitted).  Where two works are "strikingly similar" or, as in this case, identical, access can be presumed.  *LA Printex*, 2010 WL 11596749, at *3; *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000) ("[I]n the absence of any proof of access, a copyright plaintiff can still make out a case of infringement by showing that the [works] were 'strikingly similar.'").

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1    Here, it is beyond dispute that Walmart copied and displayed Plaintiff's

2    Medusa and Polyp pictorial works.  Indeed, Walmart reproduced and publicly

3    displayed *exact* copies of Plaintiff's photographs on its website:



Plaintiff's Medusa Pictorial Work

Walmart's Unauthorized Reproduction





Plaintiff's Polyp Pictorial Work

Walmart's Unauthorized Reproduction

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

(SUF 4, 23, 25).  Given that the images are virtually identical, Walmart's access to Plaintiff's photographs is presumed.  *Gracing*, 2017 WL 5640516, at *2-*3 ("A finding of striking similarity is appropriate when the works are virtually identical . . . or are so strikingly similar as to preclude the possibility of independent creation.") (citations omitted).  In other words, there is no question that Walmart's reproduction and display of these images amounts to copying Ms. Russell's works.

Further, there is also no genuine dispute of material fact that Walmart itself reproduced and displayed the infringing images.  The accused images were displayed on Walmart's own website in connection with listings for products that are "Sold & shipped by Walmart."  (SUF 23–25).  Further, when Plaintiff purchased product samples from these infringing listings, uncontroverted evidence shows that— consistent with the listing—it was Walmart that shipped the related products.  (SUF 24–26, 33).  For example, Walmart's email confirmation of Plaintiff's order clearly states that the products are "Ship[ed] from Walmart."  (SUF 33–34).  Further, the "Order Details" specify that the two products sold by Walmart can be returned or replaced until July 9—which is consistent with Walmart's 60-day policy applicable to products that are "sold & shipped by Walmart"—as opposed to the shorter return policy shown for products "Sold by INVECH INC" on the same Order.   (SUF 42– 45).  Indeed, the accused product listings do not reference any third-party sellers or otherwise suggest the images therein were supplied by anyone other than Walmart. (SUF 27–29).

### 3.   Walmart Has No *Evidence* to Refute Plaintiff's Claims.

As explained above, Walmart has provided no *evidence* to refute any of the points above, which itself is telling.  Although Walmart contends that some third party marketplace vendors (either Invech Inc or Sunsea Grocery—Walmart cannot decide which one) posted the infringing content on its website, Walmart has not provided any *evidence* to substantiate that claim.  Notably, Ms. Russell first raised these issues with Walmart on May 20, 2019—more than a month before filing suit—

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

but Walmart refused to take these issues seriously.  (SUF 48).  By July 3, 2019,
Walmart conveyed that its third-party "marketplace sellers *disclaim* that the products
were sold by them."  (SUF 49–53).  At the same time, Walmart admitted that it "has
not looked into and is not responding to the substance of [Ms. Russell's] claims in the
correspondence and complaint at this time."  (SUF 53).  As Ms. Russell pointed out
to the Court on November 4, 2019, in the parties' Joint Fed. R. Civ. P. 26(f) Report,
Walmart "has never substantiated" its contention that someone is responsible for
these listings.  (SUF 77–78).

Walmart has also failed to produce *any discovery* supporting its assertions.
For example—in addition to Plaintiff's earlier requests—on November 8, 2019, Ms.
Russell formally propounded discovery asking Walmart to produce documents
sufficient to identify the party that is allegedly responsible for posting the infringing
images.  (SUF 79–80).  Ms. Russell also asked for documents sufficient to show all
entities and/or persons with access to the administration of the storefront, as well as
the documents and/or information submitted by these alleged responsible parties to
establish their storefronts on Walmart's website.  (SUF 81).  Walmart interposed
boilerplate objections, and then promised to "conduct a reasonable search of business
records within its possession, custody, or control and will produce relevant, non-
privileged documents."  (SUF 82–85).  Walmart was required either to produce
responsive documents within "the time . . . specified in the request" or specify
"another reasonable time" for production, as required by Fed. R. Civ. P. 34(b)(2)(B).
But Walmart did neither with its response.  (SUF 86–87).  For purposes of summary
judgment, Walmart's discovery responses (including the absence of documents and
the failure to specify a date for production) confirms the absence of a genuine
dispute.  *See* Fed. R. Civ. P. 56(c)(1)(B).

As Plaintiff was finalizing the instant motion—after the parties conducted their
mandatory meet-and-confer under L.R. 7-3—Walmart finally produced a handful of
documents (totaling 10 pages).  (SUF 103–14).  But those documents only further

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

***confirm*** that Walmart created the infringing listings that are at issue in this motion. Namely, Walmart produced a spreadsheet showing that "Walmart.com" is the "Seller Name" for the listings associated with "Catalog Item ID" Nos. 818292825 and 222035381. (SUF 114–16). These catalog numbers correspond to the numbers shown in the footer for in the infringing listings. (SUF 116; *see* Dkt. No. 1-3). If anything, these new documents further confirm that summary judgment should be entered in favor of Plaintiff.[2]

Walmart also cannot present any admissible testimony to rebut Ms. Russell's evidence. Months ago, Walmart promised to provide a sworn affidavit explaining the infringing listings somehow resulted from a "coding error." (SUF 59). But Walmart never provided that affidavit. (SUF 60–61). Worse yet, Walmart ***failed to appear*** for its Fed. R. Civ. P. 30(b)(6) deposition. (SUF 75). Namely, Ms. Russell issued the Fed. R. Civ. P. 30(b)(6) deposition notice on October 31, 2019 and noticed Walmart's deposition for November 19, 2019. (SUF 63). The noticed deposition included topics that would shed light on the issues raised by this motion, such as Topic Nos. 3 and 4, which seek testimony on how the product listings at issue in this litigation came to be designated as "Sold & shipped by Walmart" and the significance and implications of that designation.[3] (SUF 64–65). But Walmart refused to present any

---

[2] Walmart has not provided any testimony authenticating, much less explaining, these documents. (SUF 117). Walmart's eleventh-hour production does not create a genuine dispute of material fact.

[3] It would be unfair to allow Walmart to present testimony on the topics for which it failed to appear. *See, e.g.*, *Dedvukaj v. Equilon Enterprises, LLC*, 301 F. Supp. 2d 664, 668 (E.D. Mich. 2004) ("it is unreasonable to rely on affidavit 'evidence' from an individual who has made himself unavailable for discovery and for whom there is even no indication he will be available for trial. Moreover, defendant was entitled to receive such evidence, and digest it, during the discovery period prior to filing this summary judgment motion"), *aff'd* 132 Fed. App'x 582, 583 (6th Cir. 2005); *Panaderia La Diana, Inc. v. Salt Lake City Corp.*, 342 F. Supp. 2d 1013, 1029–30 (D. Utah 2004), *aff'd sub nom. Trevizo v. Adams*, 455 F.3d 1155, 1159–60 (10th Cir. 2006) (granting summary judgment against parties who failed to appear for their

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

witness, insisting that its representatives are too important to show up. (SUF 66–67). Ms. Russell offered to work around any scheduling conflicts, but when Walmart unilaterally insisted that it would not present any witness on any topic for months, Ms. Russell notified Walmart that the deposition would proceed as noticed. (SUF 70). Walmart failed to seek (much less obtain) a Protective Order. (SUF 71–75). *See Fram v. Memory Enters., LLC*, No. CV-17-7172-MWF JPRx), 2018 WL 5903922, at *1–2 (C.D. Cal. Sept. 17, 2018) ("Defendant did not move for a protective order to prevent the deposition, as was its obligation to do") (citing Fed. R. Civ. P. 37(d)(2) ("A failure [to appear for a deposition] is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)")) (modifications in original); *Bademyan v. Receivable Mgt. Services Corp.*, No. CV0800519MMMRZX, 2009 WL 605789, at *3 (C.D. Cal. Mar. 9, 2009) (failure to appear is tantamount to contempt). Plaintiff took a non-appearance of Walmart. Walmart's failure to present any testimony on these topics further confirms the absence of any genuine dispute.

Further, Walmart has not identified any *witnesses* who could substantiate its contentions, much less rebut Plaintiff's prima facie case. In addition to its non-appearance at the Fed. R. Civ. P. 30(b)(6) deposition, Walmart's Fed. R. Civ. P. 26(a) initial disclosures fail to identify any witnesses who could support Walmart's position. (SUF 88–89). Even for itself, Fed. R. Civ. P. 26(a)(1)(A)(i) requires parties to identify "each *individual* likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." (Emphasis added.). But Walmart's disclosure does not identify "individuals" other than Plaintiff herself. (SUF 90). Even as to itself, Walmart does

---

depositions); *Michael v. Liberty*, 547 F. Supp. 2d 43, 46 (D. Me. 2008) ("Given Michael's inability to depose Liberty (or obtain the requested document production), it would be unfair to allow Liberty to present evidence regarding any claims or defenses that existed before [the deposition date]").

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1   not provide any names of "individuals," but simply lists "Walmart Inc." and "Wal-

2   mart.com USA, LLC." (SUF 91). Corporations are not "witnesses" who can present

3   testimony.[4] Given that Walmart fails to identify any witnesses on its initial

4   disclosures (particularly coupled with its failure to appear for a Fed. R. Civ. P.

5   30(b)(6) deposition), Walmart also cannot expect to rely on any witnesses for

6   opposing the instant motion. *See Baden Sports, Inc. v. Molten*, No. C06-210MJP,

7   2007 WL 2056502, at *2 (W.D. Wash. July 16, 2007) (excluding defendant's

8   witnesses who were not identified in Fed. R. Civ. P. 26(a) disclosures).

9       Notably, Walmart also failed to remedy this absence of evidence when Ms.

10   Russell provided notice of her intention to seek summary judgment. Namely, on

11   December 18, 2019, Plaintiff's counsel sent a detailed letter setting forth the basis for

12   summary judgment motion and inviting a discussion on the merits. (SUF 103).

13   Counsel for the parties held such a conference on December 20, 2019. (SUF 106).

14   Even then, Walmart did not identify any specific documents, specific witness or any

15   other evidence that would refuse the prima facie elements of Ms. Russell's claim for

16   copyright infringement. (SUF 110–13). Instead, Walmart insisted that a summary

17   judgment motion is somehow "premature" and promised to oppose the motion with a

18   Fed. R. Civ. P. 56(d) affidavit. (SUF 111). Even on that point, Walmart could not

---

[4] *See GEICO Cas. Co. v. Beauford*, No. 8:05-cv-697-T-24EAJ, 2007 WL 2412953, at *5 (M.D. Fla. Aug. 21, 2007) (finding that "naming a general category such as 'corporate representative' is not a sufficient disclosure under Rule 26," and granting motion in limine "to the extent that GEICO has not disclosed the specific name of the witness that will testify as its corporate representative"); *Rogers v. Bank of Am.*, N.A., No. 13-1333-CM-TJJ 2014 WL 4681031, at *5-7 (D. Kan. Sept. 19, 2014) ("the Court finds that Defendant's mere identification of individuals not by name but by a generic label that could apply to a number of its employees, such as Defendant's 'corporate representative' or 'records custodian,' is not sufficient to satisfy its initial disclosure obligations under Rule 26(a)(1)(A)(i)."); *see also Littlefield v. NutriBullet, LLC*, No. cv-16-6894-MWF (SSx), 2017 WL 10439791, at *7 (C.D. Cal. Nov. 3, 2017) ("information from a corporation must be sought from natural persons who can speak on behalf of the corporation").

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1  explain how its own failure to produce (much less, *seek*) discovery could justify relief

2  under Fed. R. Civ. P. 56(d).  (SUF 112–13).[5]

3       In short, there is no factual dispute—much less a genuine dispute of material

4  fact—that Walmart infringed Ms. Russell's copyrights in her Medusa and Polyp

5  Pictorial Works.  Ms. Russell has pointed to extensive affirmative evidence

6  supporting her claims, and Walmart has not and cannot present any contrary

7  evidence.  Accordingly, the Court should enter summary judgment in favor of Ms.

8  Russell with respect to Counts I and II.

9      **B. The Court Should Also Enter Summary Judgment in Favor of Ms.**

10         **Russell on Walmart's Alleged "Affirmative Defenses"**

11       In addition to—and separately from—the arguments set forth above, Ms.

12  Russell also seeks summary judgment with respect to each of Walmart's affirmative

13  defenses.  Namely, in response to Plaintiff's straightforward allegations of copyright

14  infringement, Walmart alleged nine boilerplate, conclusory affirmative defenses.

15  Walmart has the burden of proof on each of its affirmative defenses.  *Monge v. Maya*

16  *Magazines, Inc.*, 688 F.3d 1164, 1170 (9th Cir. 2012) ("As with all affirmative

17  defenses . . . the defendant bears the burden of proof.").  Accordingly, to defeat

18  summary judgment, Walmart must present specific facts showing that there is a

19  genuine issue for trial on its affirmative defenses.  *Celotex Corp. v. Catrett*, 477 U.S.

20  317, 323-24 (1986).  As set forth below, Walmart cannot meet its burden and the

21  Court should enter summary judgment in favor of Plaintiff on each of the nine alleged

22  affirmative defenses.

23

24

25

26

27  [5] Walmart has not provided the basis for its purported Fed. R. Civ. P. 56(d)
declaration, nor is such a declaration warranted here.  (SUF 110–12).  If Walmart

28  presents such a declaration, Ms. Russell will address it on reply.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1

## 1. Walmart's First Affirmative Defense (Failure to State a Claim) Lacks Any Factual Support.

Walmart alleges as its "First Affirmative Defense" that "[t]he Complaint, and each cause of action within it, fails to state a claim upon which relief can be granted." (SUF 120). Far from offering any admissible facts in support of this alleged affirmative defense, Walmart has failed to even **allege** any facts in support of this defense or offer any coherent explanation of its position. (*See id.*). Summary judgment in favor of Plaintiff on this first affirmative defense should be granted. *See Williams v. El Camaron, LLC*, No. cv-19-2689-RSWL (Ex), 2019 WL 4081056, at *2 (C.D. Cal. Aug. 29, 2019) ("failure to state a claim" is not cognizable as an "affirmative defense").

## 2. Walmart's Second Affirmative Defense (Fair Use) Lacks Any Factual Support.

Walmart alleges as its "Second Affirmative Defense" that "Plaintiff's claims are barred by the doctrine of fair use." (SUF 121). "The court considers four factors when determining whether Defendants' use constitutes a fair use: (1) the purpose and character of the use, including whether such use is of a commercial nature or is for non-profit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and, (4) the effect of the use upon the potential market for or value of the copyrighted work. *Rosen v. R and R Auction Co., LLC*, CV1507950BROJPRX, 2016 WL 7626443, at *7 (C.D. Cal. Aug. 31, 2016) (quoting 17 U.S.C. § 107)." Summary judgment on fair use is appropriate "where the material facts are not subject to dispute." *Henly v. DeVore*, 733 F. Supp. 2d 1144, 1151 (C.D. Cal. 2010). The defendant bears the burden of proving fair use. *Maya Magazines*, 688 F.3d at 1170 .

Here, there is no evidence that supports Walmart's fair use defense on any of the four factors, and summary judgment is appropriate. Indeed, it is difficult to imagine—and Walmart has never explained—how "fair use" would be applicable

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1   here.  As shown, Walmart is using Ms. Russell's copyrighted images to sell products

2   that are not associated with Ms. Russell.  (SUF 122).  This is the exact opposite of

3   fair use.  Notably, Walmart did not invoke this defense in connection with the parties'

4   Rule 7-3 meet-and-confer.  (*Id.*).  Summary judgment on this defense is warranted in

5   Plaintiff's favor.

6              3.   Walmart's Third Affirmative Defense (First Sale Doctrine) is Not

7                   Cognizable and Lacks Any Factual Support.

8        Walmart alleges as its "Third Affirmative Defense" that "Plaintiff's claims are

9   barred, in whole or in part, by the first sale doctrine."  (SUF 123).  The first sale

10  doctrine is codified in 17 U.S.C. § 109(a) and provides a limited exception to a

11  copyright holder's exclusive right of ***distribution***.  "[T]he first sale doctrine applies to

12  disposal of one particular tangible copy" and does not confer any rights related to

13  reproduction.  *Gener-Villar v. Adcom Group, Inc.*, 530 F. Supp. 2d 392, 405 (D.P.R.

14  2007).  As such, this purported affirmative defense is not cognizable against

15  Plaintiff's Counts I and II of copyright infringement of her pictorial works.  *Id.*

16       In any event, there are no facts supporting Walmart's alleged defense and

17  summary judgment is appropriate.  (SUF 124).  And Walmart did not invoke this

18  defense in connection with the parties' Rule 7-3 meet-and-confer.  (*Id.*).  Summary

19  judgment on this defense is warranted in Plaintiff's favor.

20             4.   Walmart's Fourth Affirmative Defense (Non-infringement) Lacks

21                  Any Factual Support.

22       Walmart alleges as its "Fourth Affirmative Defense" that "Walmart has not

23  infringed and is not infringing U.S. Copyright Reg. Nos. VA 1-765-597 or VA 1-765-

24  599."  (SUF 125).  To the extent Walmart's fourth affirmative defense is cognizable,

25  as set forth above, there is no genuine dispute of material fact that Walmart infringed

26  Plaintiff's Medusa and Polpy pictorial works.  (SUF 126).  *578539 B.C., Ltd. v.*

27  *Kortz*, CV1404375MMMMANX, 2014 WL 12572679, at *8 (C.D. Cal. Oct. 16,

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

2014) ("non-infringement" is not an affirmative defense).  Accordingly, the Court should enter summary judgment against Walmart on its fourth "affirmative defense."

> 5. Walmart's Fifth Affirmative Defense (DMCA Safe Harbor) Lacks Any Factual Support.

Walmart alleges as its "Fifth Affirmative Defense" that "The claims are invalid, void, and/or unenforceable for failure to overcome the safe harbors set forth in Title 17 of the United States Code, including without limitation Sections 101, 104, 108 and 512."  (SUF 127).  Section 101, 104, and 108 do not contain any "safe harbors."  *See* 17 U.S.C. §§ 101, 104, 108.  Moreover, there is no evidence that the DMCA safe harbor in Section 512(c) applies to Walmart's infringing conduct, which would require Walmart to show that the (1) "infringing material was stored at the direction of the user," (2) Walmart lacked any actual or red flag knowledge of the infringing material, and (3) Walmart "did not receive a financial benefit directly attributable to the infringing activity, in a case in which [it] has the right and ability to control such activity."  *Marvix Photographs, LLC v. Livejournal, Inc.*, 873 F.3d 1045, 1052 (9th Cir. 2017) (citations omitted).

As mentioned, prior to filing suit, Plaintiff sent a letter to Walmart, inviting a discussion regarding the infringing listings.  (SUF 48).  Without explanation, Walmart's in-house counsel alleged that a third-party Marketplace Seller named "Sunsea Grocery" was somehow responsible for the accused postings.[6]  (SUF 54).  But Walmart failed to provide any evidence in support of these bare assertions.

---

[6] Plaintiff has attempted to subpoena "Sunsea Grocery" (allegedly based in Colorado Springs, CO) months ago but the address information provided by Walmart for that entity was false.  (SUF 99–102).  Plaintiff's counsel also tried calling all four telephone numbers for Sunsea Grocery that were provided by Walmart, but three were out of service and the fourth went straight to voicemail for a company named "White Light Computing."  (SUF 94–96). Plaintiff also emailed Sunsea Grocery at the email provided by Walmart, but received no response.  (SUF 93, 97–98).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Shortly thereafter, Walmart's current counsel re-iterated the same message, pointing the finger at third-party Marketplace Sellers. Indeed, Walmart claimed that these product listings were "coded incorrectly" by a third-party and promised to provide supporting documents. (SUF 57–58). But then Walmart reneged, failing to produce anything in support of its position. (SUF 61). Walmart then offered to provide a sworn affidavit supporting its position; but it reneged on that offer, too. (SUF 59–60).

Shortly after the parties' Fed. R. Civ. P. 26(f) conference on October 23, 2019, Plaintiff served Walmart with a Fed. R. Civ. P. 30(b)(6) notice and document requests seeking information on the factual predicates of Walmart's alleged DMCA defense. (SUF 62–65). But then Walmart failed to appear for its duly-noticed deposition and is now refusing to produce a witness on any topic in Ms. Russell's 30(b)(6) notice until, at the earliest, late February 2020—*i.e.*, approximately four months after Plaintiff served her 30(b)(6) notice. (SUF 66–76). Walmart has also failed to produce any documents showing that a third-party is responsible for the content in the Accused Product Listings. (SUF 115–16).

As explained above, Ms. Russell first raised these issues with Walmart on May 20, 2019—before filing any law suit. (SUF 48). Rather than address these issues, Walmart keeps sending Ms. Russell and her counsel on a wild-goose chase.

Fundamentally, more than seven months after Plaintiff asked Walmart for evidence corroborating its alleged DMCA defense and more than five months after Plaintiff filed suit, Walmart has not produced a shred of ***evidence*** supporting its affirmative defense. (SUF 128). Instead, Walmart failed to appear for its own deposition on issues that go to the heart of this defense. (SUF 75). Walmart cannot meet its burden of proof with respect to this affirmative defense. Summary judgment against Walmart on its DMCA defense is appropriate.

### 6. Walmart's Sixth and Seventh Affirmative Defenses (License) Lack Any Factual Support.

Walmart's "Sixth Affirmative Defense" and "Seventh Affirmative Defense" are identical and state that "Plaintiff's claims are precluded to the extent that any allegedly infringing products are directly or indirectly supplied by entities having express or implied license to the copyrights-in-suit." (SUF 129). Like Walmart's other defenses, there are no facts that support these boilerplate and duplicative affirmative defenses. (SUF 130).

Walmart has not offered any basis—much less evidence—for suggesting that the use of Mr. Russell's copyrighted images was "licensed." Walmart also did not invoke these defenses in connection with the parties' Rule 7-3 meet-and-confer. (SUF 130). Summary judgment of these "affirmative defenses" is appropriate.

### 7. Walmart's Eighth Affirmative Defense (*De Minimis* Use) is Not Cognizable and Lacks Any Factual Support.

Walmart alleges as its "Eighth Affirmative Defense" that "Plaintiff's allegations concerning the use of the copyrights are *de minimis*." (SUF 131). This "affirmative defense" is largely nonsensical. To the extent Walmart purports to raise an affirmative defense of "*de minimis* use," it clearly fails. The defense of "*de minimis* use" applies where an accused infringer copied a small, trivial portion of plaintiff's copyrighted work—*i.e.*, a few seconds of song. *Newton v. Diamond*, 388 F.3d 1189, 1192–93 (9th Cir. 2004) ("For an unauthorized use of a copyrighted work to be actionable, the use must be significant enough to constitute infringement.").

Here, as set forth above, uncontroverted evidence shows that Walmart copied the ***entirety*** of Plaintiff's Medusa and Polyp Pictorial Works. (SUF 132). There is not any—let alone substantial—evidence to the contrary. Walmart also did not invoke this defense in connection with the parties' Rule 7-3 meet-and-confer. (SUF 132). Summary judgment is appropriate.

8. <u>Walmart's Ninth Affirmative Defense (Reservation of Rights) Is
Not Cognizable and Lacks Any Factual Support.</u>

Walmart alleges as its "Ninth Affirmative Defense" that "Walmart's investigation of its defenses is continuing, and Walmart expressly reserves the right to allege and assert any additional affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case." (SUF 133). But "[a]n attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself." *Solis v. Zenith Capital, LLC*, C 08-4854 PJH, 2009 WL 1324051, at *7 (N.D. Cal. May 8, 2009). "Instead, if at some later date defendants seek to add affirmative defenses, they must comply with Rule 15 of the Federal Rules of Civil Procedure . . . [and] cannot avoid the requirements of Rule 15 simply by "reserving the right to amend or supplement their affirmative defenses." *Id.*; *see also Chowning v. Kohl's Dept. Stores, Inc.*, CV1508673RGKSPX, 2016 WL 7655753, at *3 (C.D. Cal. Apr. 1, 2016). Moreover, there are no facts that support Walmart's right to assert additional defenses. (SUF 134). Summary judgment of this "affirmative defense" is appropriate.

## V.   **CONCLUSION**

For the reasons set forth above, Ms. Russell respectfully requests that the Court (i) enter summary judgment of infringement on Counts I and II of her Complaint and (ii) enter summary judgment against Walmart's conclusory and unsupported affirmative defenses.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1     DATED:  December 30, 2019    By:   */s/ Guy Ruttenberg*

2                                     Guy Ruttenberg
Steve Papazian

3                                     RUTTENBERG IP LAW, A
PROFESSIONAL CORPORATION

4                                     1801 Century Park East, Suite 1920
Los Angeles, CA 90067

5                                     Telephone: (310) 627-2270
Facsimile: (310) 627-2260

6                                     guy@ruttenbergiplaw.com
steve@ruttenbergiplaw.com

7                                     *Attorneys for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT