# Exhibit B

BIJAL V. VAKIL (SBN 192878)
bvakil@whitecase.com
CATHERINE S. SIMONSEN (SBN 307325)
catherine.simonsen@whitecase.com
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Telephone:  (213) 620-7700
Facsimile:   (213) 452-2329

JEREMY T. ELMAN (SBN 223696)
jelman@whitecase.com
HALLIE E. KIERNAN (SBN 313541)
hallie.kiernan@whitecase.com
WHITE & CASE LLP
3000 El Camino Real
Two Palo Alto Square, Suite 900
Palo Alto, CA  94306
Telephone:  (650) 213-0300
Facsimile:  (650) 213-8158

Attorneys for Defendants
Walmart Inc. and
Wal-Mart.com USA, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION-LOS ANGELES

| | |
|---|---|
| ROXANA TOWRY RUSSELL, d/b/a ROXY RUSSELL DESIGN,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a Delaware corporation; WAL-MART.COM USA, LLC, a California Limited Liability Corporation,<br><br>Defendants. | Case No.:  2:19-cv-05495-MWF-JC<br><br>**FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1) SUPPLEMENTAL INITIAL DISCLOSURES OF DEFENDANTS WALMART INC. AND WAL-MART.COM USA, LLC**<br><br>**JURY TRIAL DEMANDED** |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), defendants Walmart Inc. and Wal-Mart.com USA, LLC ("Walmart") hereby provide the following initial disclosures. These initial disclosures are based on the information presently available to Walmart after a reasonable search, and are made without prejudice to Walmart's right to present additional evidence, including evidence obtained through discovery or through continued investigation in this action or any future filing or proceeding. Walmart accordingly reserves the right to supplement or amend these initial disclosures in the future.

Information or materials protected by the attorney-client privilege and the work product doctrine are not disclosed in these initial disclosures. Walmart reserves the right to object in this action or any other action to the production or introduction into evidence of these disclosures, any document within the categories described below, and testimony by any of the disclosed witnesses on any proper ground. Walmart reserves the right to object on any proper ground to any discovery request or proceeding regarding the subject matter of these disclosures.

## I.     IDENTIFICATION OF INDIVIDUALS

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), Walmart identifies below the individuals likely to have discoverable information that it may use to support its claims or defenses in this case, and the general subject matter of the information they possess. By providing a general subject matter for each individual listed below, Walmart does not limit in any way its right to take discovery of such individuals on other relevant topics or to call them to testify on other relevant topics. In addition to the persons listed below, Walmart incorporates by reference all individuals and entities identified in the Initial Disclosures of Plaintiff Roxana Towry Russell d/b/a Roxy Russell Design "Russell" or "Plaintiff"). Discovery is ongoing, and Walmart reserves the right to supplement or amend its identification of individuals as additional information is discovered and/or developed later in this case.

| Name | Substance of Information Likely Known |
|---|---|
| Roxana Towry Russell, dba Roxy Russell Design<br><br>c/o Counsel for Plaintiff | Information regarding the design, creation, distribution, licensing, registration, ownership, and assignment of the alleged copyrighted work; sales and profits earned in connection with the work; any license fees associated with the work; and settlement agreements and terms with respect to other accused infringers. |
| Walmart Inc.<br><br>c/o Bijal Vakil at White & Case LLP<br>555 South Flower Street, Suite 2700<br>Los Angeles, CA  90071-2433 | Information regarding product coding and item set up on Walmart.com and the Walmart Marketplace; information regarding agreements with suppliers of the accused product; method and protocol for order, shipment, and website maintenance; and information regarding the supplier's offer of the accused product. |
| Wal-Mart.com USA, LLC<br><br>c/o Bijal Vakil at White & Case LLP<br>555 South Flower Street, Suite 2700<br>Los Angeles, CA  90071-2433 | Information regarding product coding and item set up on Walmart.com and the Walmart Marketplace; information regarding agreements with suppliers of the accused product; method and protocol for order, shipment, and website maintenance; and information regarding the supplier's offer of the accused product. |
| Invech, Inc.<br><br>c/o Roy Lou Esp. at Mainleaf Law Group PLLC<br><br>545 West 48th  Street<br>New York, NY 10036 | Information regarding the design, development, manufacture, and sale of the accused product. |
| JO Trading LLC<br>8 the green, STE A<br>Dover, DE 19901 | Information regarding the design, development, manufacture, and sale of the accused product. |

| | |
|---|---|
| Benson LLC<br>115 S Pikes Peak Ave.<br>Florence, CO  81226 | Information regarding the design, development, manufacture, and sale of the accused product. |
| Sunsea Grocery – Rancho Cucamonga CA<br>3626 N. Stone Avenue<br>Colorado Springs, CO | Information regarding the design, development, manufacture, and sale of the accused product. |
| Kathryna Hancock<br>c/o Counsel for Plaintiff | Information regarding the design, creation, distribution, licensing, registration, ownership, and assignment of the alleged copyrighted work. |
| Emily Ziegler<br>c/o Bijal Vakil at White & Case LLP<br>555 South Flower Street, Suite 2700<br>Los Angeles, CA  90071-2433 | Information regarding Walmart's relationship with Sunsea Grocery and the accused product at issue; the Walmart Marketplace on walmart.com; information regarding agreements with suppliers of the accused product; and information about the supplier's offer of the accused product. |
| Nicholas Waldmann<br>c/o Bijal Vakil at White & Case LLP<br>555 South Flower Street, Suite 2700<br>Los Angeles, CA  90071-2433 | Information regarding product coding and item set up on Walmart.com and the Walmart Marketplace; information regarding Walmart's policies and agreements with suppliers of the accused product; Walmart's method and protocol for order, shipment, and website maintenance; and technical information regarding the supplier's offer of the accused product. |
| Tawnya Wojciechowski<br>TRW Law Group<br>19900 Macarthur Blvd Ste 530,<br>Irvine, CA 92612-8409 | Information regarding the licensing, registration, ownership, and assignment of the alleged copyrighted work. |
| Justin Lewis<br>Ocean Tomo, L.L.C.<br>c/o Bijal Vakil at White & Case LLP<br>555 South Flower Street, Suite 2700<br>Los Angeles, CA  90071-2433 | Information regarding potential damages and related information. |

| Professor Mark McKenna<br>c/o Bijal Vakil at White & Case LLP<br>555 South Flower Street, Suite 2700<br>Los Angeles, CA  90071-2433 | Information regarding copyrightability of the asserted copyrights. |
|---|---|

## II. DOCUMENTS AND THINGS

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Walmart identifies the following categories and location of documents, electronically stored information, or tangible things that it may use to support its claims or defenses in this case:

1. The Complaint, dated June 24, 2019.
2. Walmart's Answer to Complaint (ECF No. 14).
3. Agreements and correspondence between Walmart and suppliers of the accused product, if any.
4. Correspondence between Plaintiff and Walmart, if any.
5. Sales, revenue, cost, and profit information with respect to the accused product.
6. Documents regarding Walmart Marketplace retailer registration and item set up.
7. Documents (including Walmart's business records) regarding the accused product listed as "1 Pcs Glow Ethereal Jellyfish Lampshade Ceiling Chandelier Light Pendant Hanging Lamp," labeled as items "222035381" and "818292825" in the product listing and in Walmart's business records.
8. Documents (including Walmart's business records) regarding the supplier of the accused product.
9. Documents related to the authorship of the asserted copyrighted works, including related to the authorship by Kathryna Hancock.
10. Documents related to the copyright applications and related copyright registration materials of the asserted copyrighted works.

11. Documents related to Sunsea Grocery's reproduction, derivative works, distribution, offer to sell or sale of the accused products.

12. Documents related to Invech's reproduction, derivative works, distribution, offer to sell or sale of the accused products.

13. Documents related to JO Trading's reproduction, derivative works, distribution, offer to sell or sale of the accused products.

14. Documents related to Benson's reproduction, derivative works, distribution, offer to sell or sale of the accused products.

Walmart reserves the right to supplement, amend and otherwise modify this list after further discovery and investigation, and it may rely on additional materials. Walmart notes that certain of the above documents may contain confidential or trade secret information, and no confidentiality agreement is in place in this matter. Any such documents that contain confidential or trade secret information will be provided or made available after an appropriate confidentiality order is entered. The foregoing documents in Walmart's possession are located at or will be located at the offices of Walmart's counsel, except for any relevant correspondence between Walmart and Plaintiff, to the extent any exists, which would be in Walmart's possession and will be gathered through a search of Walmart's databases.

## III. COMPUTATION OF DAMAGES

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), Walmart states that it has not asserted a claim for damages in this case. However, Walmart may use a damages expert in response to Plaintiff's damages allegations, and defers the computation of damages until the time that expert disclosures are made, if any. At the appropriate juncture, Walmart may seek to recover its attorneys' fees and costs incurred in this litigation. The amount of those fees and costs are not determinable at this time.

- 5 -
SECOND SUPPLEMENTAL INITIAL DISCLOSURES OF WALMART INC. AND WAL-MART.COM USA, LLC - -CASE NO.: 2:19-CV-05495-MWF-CJ

Exhibit B
Page 48

IV. **INSURANCE AGREEMENTS**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv), Walmart states that it is not aware of any insurance agreement to which it is a party that may satisfy all or part of any judgment that may be entered in this action or that may be used to indemnify or reimburse for any payments made to satisfy any judgment.

Walmart expressly reserves the right to supplement these disclosures if additional information comes to its attention through further investigation, discovery, or otherwise.

Dated: July 10, 2020

WHITE & CASE LLP

By: */s/ Bijal V. Vakil*
     Bijal V. Vakil

Attorneys for Defendants
Walmart Inc. and Wal-Mart.com USA, LLC

- 6 -
SECOND SUPPLEMENTAL INITIAL DISCLOSURES OF WALMART INC. AND WAL-MART.COM USA, LLC - -CASE NO.: 2:19-CV-05495-MWF-CJ

**Exhibit B
Page 49**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document:

- **SECOND SUPPLEMENTAL INITIAL DISCLOSURES OF WALMART INC. AND WAL-MART.COM USA, LLC**

has been served upon counsel of record via electronic mail pursuant to Fed.R.Civ.P. 5. on July 10, 2020.

*Counsel for Plaintiff Roxana Towry Russell*
Steve Papazian
steve@ruttenbergiplaw.com
Guy Ruttenberg
guy@ruttenbergiplaw.com
RUTTENBERG IP LAW, APC
1801 Century Park East, Suite 1920.
Los Angeles, CA 90067


Dated:  July 10, 2020

                                */s/ Bijal V. Vakil*
                                Bijal V. Vakil