# Exhibit C

**Steve Papazian**

| | |
|---|---|
| **From:** | Elman, Jeremy <jelman@whitecase.com> |
| **Sent:** | Tuesday, July 14, 2020 3:56 PM |
| **To:** | Steve Papazian; Vakil, Bijal V. |
| **Cc:** | W&C Walmart-Russell; Guy Ruttenberg; Primo Solis; Aron Berger |
| **Subject:** | RE: Russell v. Walmart, Case No. 2:19-cv-5495-MWF-JC - Service of Discovery Responses |

Counsel,

Walmart timely supplemented its disclosure as required by Rule 26(e)(1)(A), which reflects the subjects on which Walmart is presently aware that persons are likely to have discoverable information as of the close of fact discovery (including not just the individuals you mention below).  Walmart has disclosed all of the information related to this matter as to these individuals (with the exception of any documents that will be produced as a result of the Court's recent order pursuant to the parties' agreement).  Ms. Ziegler had already been disclosed and deposed many months ago by Plaintiff, and was re-deposed again recently, and Walmart's supplementation was updated to reflect her prior testimony at her two depositions more accurately.  Mr. Waldmann was also disclosed and deposed by Plaintiff, and Walmart's supplementation reflects his prior testimony.  Both were deposed within the past few weeks.

Mr. McKenna is being disclosed, like Mr. Lewis, as an expert witness.  Walmart will timely provide any expert disclosures required.

We trust that this resolves any issues.

Regards, Jeremy

**Jeremy Elman** | Counsel
T  +1 650 213 0305     M  +1 650 946 7990     E  jelman@whitecase.com
White & Case LLP  |  3000 El Camino Real  |  2 Palo Alto Square, Suite 900  |  Palo Alto, CA 94306-2109

**From:** Steve Papazian <steve@ruttenbergiplaw.com>
**Sent:** Tuesday, July 14, 2020 12:03 PM
**To:** Elman, Jeremy <jelman@whitecase.com>; Vakil, Bijal V. <bijal@whitecase.com>
**Cc:** W&C Walmart-Russell <WCWalmart-Russell@whitecase.com>; Guy Ruttenberg <Guy@ruttenbergiplaw.com>; Primo Solis <primo@ruttenbergiplaw.com>; Aron Berger <aron@ruttenbergiplaw.com>
**Subject:** RE: Russell v. Walmart, Case No. 2:19-cv-5495-MWF-JC - Service of Discovery Responses

Dear Counsel:

I respond to your email below.  In addition, we are in receipt of Walmart's Second Supplemental Initial Disclosures which were served on 5:05 PM on Friday, July 10, 2020.

First, I note that Walmart's Second Supplemental Disclosures purport to disclose Mr. Mark McKenna as an individual likely to have discoverable "information regarding copyrightability of the asserted copyrights."  Please clarify what Walmart means by this general description.  For example, is Walmart intending to disclose Mr. McKenna as a fact witness, expert witness, or both?  As I'm sure you know, expert testimony on legal matters or legal conclusions are impermissible.  *Hartford Fire Ins. Co. v. Total Terminals Intl. LLC*, CV-12-5110-MWF (EX), 2014 WL 12561610, at *3 (C.D. Cal. May 12, 2014) ("an expert witness cannot give an opinion as to her legal conclusion, *i.e.*, an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court.").  Walmart's disclosure is also untimely.  We reserve all rights, including moving to exclude Mr. McKenna's

testimony.  Please let me know if you are able to meet and confer **tomorrow at 10am**.  If not, please propose another time to meet and confer within the next day.

Second, after she sat for deposition twice in this matter, Walmart changed its disclosures regarding Ms. Emily Ziegler, now purporting to disclose that she likely has discoverable information "regarding Walmart's relationship with Sunsea Grocery and the accused product at issue" and information regarding "the Walmart Marketplace on Walmart.com."  We reserve all rights (including the right to preclude Ms. Ziegler's testimony as a trial witness or summary judgment declarant).

Third, we note that Walmart purports to designate a new witness (Mr. Waldman) after the end of fact discovery.  Even though Walmart designated Mr. Waldman as Rule 30(b)(6) witness at the very end of discovery, Walmart has never designated him as a witness in his individual capacity.  Further, even his designation as a Rule 30(b)(6) witness was towards the end of fact discovery when we could not seek further discovery.  As an initial matter, please produce all transcripts of any previous deposition given by Mr. Waldman in any case for Walmart.  We reserve all rights (including the right to preclude Mr. Waldmann's testimony as a trial witness or summary judgment declarant).

Best regards,
Steve

**From:** Elman, Jeremy <jelman@whitecase.com>
**Sent:** Monday, July 13, 2020 2:28 PM
**To:** Steve Papazian <steve@ruttenbergiplaw.com>; Vakil, Bijal V. <bijal@whitecase.com>
**Cc:** W&C Walmart-Russell <WCWalmart-Russell@whitecase.com>; Guy Ruttenberg <Guy@ruttenbergiplaw.com>; Primo Solis <primo@ruttenbergiplaw.com>; Aron Berger <aron@ruttenbergiplaw.com>
**Subject:** RE: Russell v. Walmart, Case No. 2:19-cv-5495-MWF-JC - Service of Discovery Responses

Counsel,

Please let us know when Plaintiff will make samples of the Medusa Lamp and Accused Products available for inspection, pursuant to Walmart's Requests for Production 32 and 33.  We request that they be produced as soon as possible to Walmart's expert, Mark McKenna.

Regards, Jeremy

**Jeremy Elman**  |  Counsel
T  +1 650 213 0305     M  +1 650 946 7990     E  jelman@whitecase.com
White & Case LLP  |  3000 El Camino Real  |  2 Palo Alto Square, Suite 900  |  Palo Alto, CA 94306-2109

**From:** Steve Papazian <steve@ruttenbergiplaw.com>
**Sent:** Friday, July 10, 2020 7:50 PM
**To:** Vakil, Bijal V. <bijal@whitecase.com>; Elman, Jeremy <jelman@whitecase.com>
**Cc:** W&C Walmart-Russell <WCWalmart-Russell@whitecase.com>; Guy Ruttenberg <Guy@ruttenbergiplaw.com>; Primo Solis <primo@ruttenbergiplaw.com>; Aron Berger <aron@ruttenbergiplaw.com>
**Subject:** Russell v. Walmart, Case No. 2:19-cv-5495-MWF-JC - Service of Discovery Responses

Dear Counsel:

Attached for service in the above-referenced action, please find the following discovery responses:

- Plaintiff's Responses and Objections to Walmart's Third Set of Interrogatories
- Plaintiff's Responses and Objections to Walmart's Second Set of RFPs
- Plaintiff's Responses and Objections to Walmart's First Set of RFAs
- Plaintiff's Supplemental Responses and Objections to Walmart's Interrogatory Nos. 1, 3, 5, 7-9

Steve A. Papazian
Ruttenberg IP Law, A Professional Corporation
_____

1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Direct Line: (310) 627-2276
Facsimile:   (310) 627-2260
Email: steve@ruttenbergiplaw.com

NOTICE: The information contained in this e-mail and any accompanying documents is confidential, may be privileged, and is intended solely for the person and/or entity to whom it is addressed (i.e. those identified in the "To" and "cc" box). This information is the property of Ruttenberg IP Law, A Professional Corporation. Unauthorized review, use, disclosure, or copying of this communication, or any part thereof, is strictly prohibited and may be unlawful. If you have received this e-mail in error, please return the e-mail and attachments to the sender and delete the e-mail and attachments and any copy from your system.

===========================================================================

This email communication (and any attachments) are confidential and are intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning 650-213-0300. Please then delete the email and any copies of it. This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.


===========================================================================
===========================================================================

This email communication (and any attachments) are confidential and are intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning 650-213-0300. Please then delete the email and any copies of it. This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.



===========================================================================