1  Bijal V. Vakil (SBN 192878)
   bijal.vakil@allenovery.com
2  Jeremy T. Elman (SBN 223696)
3  jeremy.elman@allenovery.com
   Allen & Overy LLP
4  530 Lytton Avenue, Second Floor
5  Palo Alto, California 94301
   Telephone: 650.388.1650
6  Facsimile: 650.388.1699

*Attorneys for Defendants Walmart Inc. and
Wal-Mart.com USA, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION-LOS ANGELES

| | |
|---|---|
| ROXANA TOWRY RUSSELL, d/b/a ROXY RUSSELL DESIGN, <br><br> Plaintiff, <br><br> v. <br><br> WALMART INC., a Delaware corporation; WAL-MART.COM USA, LLC, a California Limited Liability Corporation, <br><br> Defendants. | Case No.: 2:19-cv-05495-MWF-JC <br><br> **WALMART'S MOTION IN *LIMINE* NO. 5 TO EXCLUDE ROXANA TOWRY RUSSELL'S EXPERT TESTIMONY** <br><br> Hon. Michael W. Fitzgerald <br> Courtroom: 5A <br> Hearing Date: October 4, 2021 |

I. **INTRODUCTION**

The Court should exclude Plaintiff Roxana Towry Russell ("Ms. Russell") as an "expert" witness in this case.

First, Ms. Russell has a complete conflict of interest because she is financially interested in the outcome of this litigation and must be disqualified from acting as her own expert witness. Courts in this district routinely held that a plaintiff with a direct financial interest in the litigation cannot act as his or her own expert. *Gately v. City of Port Hueneme*, 2017 U.S. Dist. LEXIS 222662, at *36-38 (C.D. Cal. Oct. 2, 2017) (Wu, J.); *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB (SHx), 2014 U.S. Dist. LEXIS 185066, 2014 WL 10894452, at *4 (C.D. Cal. Oct. 31, 2014) (Birotte, J.).  As this Court stated in *Gately*,

> "[o]nce the expert obtains a direct financial interest in the outcome of the litigation (whether by his or her status as a party, by contingency fee agreement, or otherwise), any semblance of independence or promise of intellectual rigor that normally adheres to an expert witness is fatally wounded. Under those rare circumstances, the conflict of interest is so great, and raises so many 'serious questions about the integrity of [the witnesses'] expert testimony,' that to admit the conflicted testimony would violate public policy."

2017 U.S. LEXIS 222662, at *37 (citing *Straughter v. Raymond*, No. CV 08-2170-CAS (CWx), 2011 U.S. Dist. LEXIS 53195, 2011 WL 1789987, at *2 (C.D. Cal. May 9, 2011)) (Snyder, J.) (excluding expert paid contingency fee, which is similarly void against public policy).  As in *Gately* and *Perfect 10*, Ms. Russell is the sole beneficiary of her lawsuit and must be excluded. *See Gately*, 2017 U.S. LEXIS 222662, at *37.  While she can still testify as a fact witness, the Court should exclude her purported "expert" testimony in its entirety.

Second, Ms. Russell should also be excluded from offering her opinions in paragraphs 6-7 of her "expert" disclosure as to whether the "Medusa" lamp sold by

third-party Sunsea Grocery or the accused photographs posted by Sunsea Grocery infringe the asserted copyrighted works. She does not claim to be an expert in any areas of her disclosure, and can only offer a lay opinion as the creator of her lamp. She testified she had not even see her expert disclosure before her deposition.

Third, Ms. Russell did not provide any facts or data in support of her opinions, base her opinions on any reliable principles and methods, or conduct any expert "analysis" of the products at issue sufficient to satisfy Rule 702(b)-(d). She allegedly examined undisclosed products just before her deposition and after her "expert" disclosure showing that her opinions were reached without analyzing sufficient facts or data. The jury should not be shown this undisclosed evidence or Plaintiff allowed to opine on it as anything other than a lay person. *See* Motion in Limine No. 3 (seeking to exclude undisclosed products as evidence from trial), filed concurrently herewith.

Fourth, Ms. Russell should specifically be excluded from offering the opinions in paragraph 4-5 of her "expert" disclosure as an expert on whether the items at issue in this case "constitute original works of authorship" or "embody pictorial, graphic, and sculptural authorship that can be identified separately from any utilitarian aspects of those works." *See* Declaration of Jeremy T. Elman ("Elman Decl."), Ex. A. The Court previously held that the issue of whether an item is copyrightable is a question of law and outside the purview of an expert witness. *See* ECF No. 163, at 8. Based on this holding, the Court expressly excluded the rebuttal opinion of Walmart's expert Professor McKenna. *Id*. The Court should similarly exclude Ms. Russell's opinion.

Accordingly, the Court should limit Ms. Russell's testimony to the factual matters related to her lay opinions.

## II.   FACTUAL BACKGROUND

### A.   Ms. Russell Has a Direct Financial Stake In the Outcome

Ms. Russell is the plaintiff and the only fact or expert witness in support of

her positions in this litigation, other than her damages expert. *See* Plaintiff's Witness List; Elman Decl., Ex. A (Russell Rule 26 disclosure). She alone stands to gain from favorable testimony. *See* Elman Decl., Ex. B (Russell Transcript), at 103:1-5 ("[I]f you win this lawsuit you are going to be compensated; right? [Objection] THE WITNESS: That's usually how lawsuits go . . . Q So if you give certain expert testimony and win the case, then you'll make money; right? [Objection] THE WITNESS: Yes."). As such, her direct financial interest in the outcome of this litigation could not be more obvious.

      **B.**     **Plaintiff Has Failed to Satisfy The Basic Requirements of an Expert Disclosure**

Stunningly, Ms. Russell did not write or *had even seen* her purported "expert" disclosure before her deposition. When asked at her deposition whether she had seen her disclosure before, she replied "I would have to read it. I don't know that I've seen this." *See* Elman Decl., Ex. B. at 394:14-20.

Further, her "expert" disclosure is a scant two page summary of her opinions that does not include any information about any expertise possessed by her or disclose any facts or data underlying her opinion. *See* Elman Decl., Ex. A. As a result, Walmart has not been able to assess the basis for her opinion either through a deposition or discovery, or obtain any discovery of the products themselves. *See id*. In fact, Ms. Russell's attorney insisted on qualifying her as a fact witness at her deposition and objected to any questions beyond that of a fact witness. *See* Elman Decl., Ex. B at 212:12-15 ("If you'd like to ask her about factual stuff, go ahead and do it. You are asking her purely about legal conclusion, which I think is improper of a fact witness.").

      **C.**     **Plaintiff Has Refused to Produce Any Facts or Data to Support Her "Expert" Disclosure**

Ms. Russell has repeatedly prevented Walmart from uncovering the facts and opinions as to which she is planning to testify. In her disclosure, she expressed an

opinion comparing her lamps to the lamps sold by Sunsea Grocery.  *See* Elman Decl., Ex. A, ¶¶ 6-7.  However, despite numerous requests by Walmart, including offers to buy the lamps throughout July 2020 through this past week, Plaintiff has refused to sell her lamps to Walmart, produce them or the lamps sold by Sunsea Grocery to her attorneys, or make any of them available for inspection.  *See* Motion *in Limine* No. 3, seeking to exclude non-produced evidence, filed concurrently herewith.  As a result, Walmart has been severely prejudiced by not being able to compare Ms. Russell's products to the accused products.

Further, though she seeks to appear as a hybrid fact-expert witness, Plaintiff has refused to provide Walmart with a privilege log which is essential to enable Walmart to assess what items she considered for her disclosure and whether her opinions were the result of her counsel's work or her own.[1]  Her refusal has also prevented Walmart from being able to assess whether she has in fact waived privilege on communications with counsel about her opinions and to obtain those communications.  Thus, Walmart has been prevented from discovering the bases of her opinions on this ground as well.

### III.  LEGAL STANDARDS

For convenience, Walmart incorporates by reference the legal standards in Motion in Limine Nos. 1-3.

Rule 702 provides that a "witness who is qualified as an expert by

---

[1] *See Verinata Health, Inc. v. Sequenom, Inc.*, 2014 U.S. Dist. LEXIS 80575, at *13-14 (N.D. Cal. June 14, 2014) ("Indeed, several courts within the Ninth Circuit have held that where a party seeks to rely on the testimony of a hybrid fact and expert witness, such as an expert employee, that party waives all applicable privileges and protections for items the witness considered that relate to the topics of his testimony, including communications between the witness and counsel.") (citing *PacifiCorp v. Northwest Pipeline GP,* 879 F. Supp. 2d 1171, 1212-14 (D. Or. 2012); *United States v. Sierra Pac. Indus.*, 2011 U.S. Dist. LEXIS 60372, at *32-34 (E.D. Cal. May 26, 2011) ("These types of witnesses are hybrid fact and expert opinion witnesses. While it is desirable that any testifying expert's opinion be untainted by attorneys' opinions and theories, it is even more important that a witness who is testifying regarding his own personal knowledge of facts be unbiased. Therefore, at least in some cases, discovery should be permitted into such witnesses' communications with attorneys, in order to prevent, or at any rate expose, attorney-caused bias.")

knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if" all of the following elements are met:

    (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

    (b) the testimony is based on sufficient facts or data;

    (c) the testimony is the product of reliable principles and methods; and

    (d) the expert has reliably applied the principles and methods to the facts of the case.

Under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993), "the trial court must act as a 'gatekeeper' to exclude junk science that does not meet Federal Rule of Evidence 702's reliability standards by making a preliminary determination that the expert's testimony is reliable." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 145, 147-49 (1999)). Pursuant to *Daubert*, a district court must determine "whether the reasoning or methodology underlying the testimony is scientifically valid." *Daubert*, 509 U.S. at 592–93; *see also Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1227-28 (9th Cir. 1998) (applying *Daubert* to expert testimony).

IV. **ARGUMENT**

    A. **Ms. Russell Must Be Disqualified as an Expert Witness Because of Her Conflict**

Plaintiff's true intent in designating herself as an expert witness is to transform her allegations that go to the heart of this case – copyright infringement – into expert opinion. However, she is completely conflicted because of her direct financial interest in the case and must not be allowed to testify on any of the opinions in her "expert" disclosure.

Testimony of expert witnesses whose compensation is contingent upon the outcome of the case must be excluded. *Gately*; *Perfect 10*, U.S. Dist. LEXIS

185066, 2014 WL 10894452, at *4. The Court should exercise its "inherent power to disqualify expert witnesses to protect the integrity of the adversary process . . . and promote public confidence in the legal system." *Perfect 10*, 2014 U.S. Dist. LEXIS 185066, 2014 WL 10894452 at *4 (quoting *Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp. 2d 1087, 1092 (N.D. Cal. 2004); *see also See Ambe v. Air France, S.A*., 2021 U.S. Dist. LEXIS 150196, at *8-9 (disqualifying Plaintiff's counsel's sister because it is an "obvious conflict of interest"). Here, Plaintiff has openly admitted to her direct financial interest in the litigation. As in *Gately* and *Perfect 10*, the Court should exclude Plaintiff from testifying as an expert in her own case because there are "serious questions about the integrity of [Plaintiff's] expert testimony. To admit the conflicted testimony would violate public policy." *Id*.

### B. Ms. Russell Is Not an Expert Under Fed. R. Evid. 702(a)

Ms. Russell's "expert" opinion should also be excluded because she has not shown that she is an expert in any of the areas in her disclosure. *See* Elman Decl., Ex. A. She admitted that she is not an expert, is a layperson who can only testify about her own lamp, has no expertise with any of the issues in the case, and did nothing to prepare her "expert" disclosure.

- She testified repeatedly that she is a "layperson" who did not understand the subject matter as to which she had been disclosed. *See, e.g.,* Elman Decl., Ex. B, at 394:21-395:3.
- She admitted that she can testify only "on my lamp". *See id*. at 46:12-14 ("And you've been designated as an expert in this case, right, on your copyrighted works; right? A Uh-huh. On my lamp.").
- She did not write her expert disclosure, and had never even seen it before her deposition. *See id*. at 394:14-20.
- She never did any work to prepare as an expert. For her deposition, she had two meetings with her attorneys where she was shown pictures of the

lamps, but did not do any work, including looking at any documents in 2019 or 2020, to prepare to be an expert. *See id*. at 107:21-109:20; 312:2-9.

- She has no specific expert training or experience as an expert in any of the issues in the case. *See id*., at 110:19-129:7.
- She fulfills orders for her lamps, but otherwise does not work on the lamps at issue. *See id*., at 129:8-12 ("I don't really work with clients for the jellyfish lamp. If you mean fulfilling orders and tending to that sort of thing, it depends on how many clients I have.")
- She does not know how many copyrights are at issue, deferring to her damages expert. *See id*. at 106:14-107:17 (deferring to damages expert, "he's the expert"); 105:7-105:21 ("I'm not a lawyer. I'm not a damages expert."); 215:9-217:12 (unable to identify the five works her damages expert claims are at issue). She stated that she was only alleging three works. *See id*. at 46:1-11.

The Court has already determined that exclusion under Rule 702 is required for Walmart's rebuttal expert because he did not have expertise in "the underlying fields at issue here, like lamp design, sculptural art, marine biology, or jellyfish anatomy." ECF No. 163, at 8. Similarly, Ms. Russell by her own admission has no expertise in "lamp design, sculptural art, marine biology, or jellyfish anatomy." She only has lay experience creating her lamp. Elman Decl., Ex. B at 137:13-17 ("I am the creator, I am the designer of the lamp.").

Ms. Russell thus lacks the "knowledge, skill, experience, training, [and] education" relevant to the evidence at issue in this case to appear as an expert to help the trier of fact. Fed. R. Evid. 702. *See Gable v. Nat'l Broad. Co.*, 727 F. Supp. 2d 815, 833 (C.D. Cal. 2010) (Wilson, J.) (excluding expert comparing the similarity of two fiction works because the witness was an expert of copyright law with no expertise in the literary field), *aff'd sub nom.*, *Gable v. Nat'l Broad. Co.*,

*Inc.*, 438 F. App'x 587 (9th Cir. 2011).  As Ms. Russell herself argued as to Professor McKenna, she is similarly not qualified to discuss the accused products or compare them nor can she be helpful to the trier of fact here—the jury—because she is no more qualified than the jurors themselves. *See* ECF No. 102-1, at 1:17-18; *Burke v. City of Santa Monica*, No. CV 09–02259, 2011 U.S. Dist. LEXIS 165475 at *60 (C.D. Cal. Jan. 10, 2011) (Morrow, J.) (excluding testimony that will not assist the trier of fact; "'Expert testimony on a subject that is well within the bounds of a jury's ordinary experience generally has little probative value'" (citations omitted)). There is no basis for her to testify as an expert and, accordingly, she should be precluded from doing so at trial. *See id.* at 5:20-23 (citing *Castaic Lake Water Agency v. Whittaker Corp.*, No. CV 00-12613 AHM RZX, 2002 WL 34700741, at *5 (C.D. Cal. Oct. 25, 2002) (Matz, J.)).

Moreover, Ms. Russell should not be allowed to present such expertise after the close of discovery because Walmart has been prevented from inquiring about the bases or facts underlying her undisclosed expertise during discovery. *Hovsepian v. State Farm Mut. Auto. Ins. Co.*, No. CV 09–08929, 2011 U.S. Dist. LEXIS 165472, at fn. 112 (C.D. Cal. Jan. 12, 2011) (Morrow, J.) ("[P]laintiffs' failure to disclose that A. Hovsepian intended to offer expert opinions prejudiced State Farm in its ability to discover his qualifications and the bases for the opinions he intended to present."). In essence, Plaintiff is asking the Court to qualify her as an expert in her own case to testify about evidence Walmart has never seen but she apparently plans to try to bring to trial.  These tactics by ambush should not be condoned.

### C. Ms. Russell Did Not Disclose How She Applied Facts or Data Using Reliable Principles and Methods as Required Under Fed. R. Evid. 702(b)-(d)

Ms. Russell's "expert" opinion must also be excluded because she has refused to disclose the facts or data underlying her opinion. *See Buchanan v.*

- 8 -

*Lowe's Home Ctrs., LLC*, No. LA CV14-07560, 2015 U.S. Dist. LEXIS 182266, *19-20 (C.D. Cal. Aug. 17, 2015) (Kronstadt, J.) ("Plaintiff also failed to comply with Fed. R. Civ. P. 26(a)(2)(C) because she did not produce all underlying data upon which Avrit relied, including the procedures used, measurements taken, scientific testing or materials."); *United States ex rel. Nasatka Barrier v. Int'l Fidelity Ins. Co.*, No. 16-08064, 2018 U.S. Dist. LEXIS 225485, at *8-9 (C.D. Cal. Jul. 16, 2018) (Fischer, J.) (citing the Advisory Committee Notes to Rule 26(a)(2)(B) that a witness not disclosing an expert report must include "the opinions to be offered . . . and the facts supporting those opinions"). Nor has she met her burden of showing that her opinions are the product of reliable principles and methods or that she has reliably applied them to the facts of this case.

Indeed, Walmart has been unable to uncover the facts or data supporting her opinions because, by her own admission, she has not applied any facts or data at all, let alone applying any reliable principles or methods to them.

- She admitted she merely looked at pictures of the lamps. *See* Elman Decl., Ex. B at 107:21-109:20; 312:2-9.
- She admitted she never compared the lamps. *See id*. at 312:2-9.
- She admits she is not aware of anyone being confused by the accused products, stating "I don't know how I would know if somebody is confused." *See id*. at 316:17-24.
- She does not know which lamps are accused of infringement. *See id*. at 406:10-407:14 (Ms. Russell did not know if she accused Walmart of selling a replica of the "Polyp" sculptural work, and did not see a picture of the "Ophelia" lamp on Walmart).

Moreover, she could not identify any facts or data at her deposition because she had never even reviewed her "expert" disclosure prior to her deposition. *See id*. at 394:14-20.

- 9 -

    **D.**    **Ms. Russell Should be Excluded From Offering Legal Opinions About the Copyrightability of the Lamps**

The Court has indicated that any expert testimony on copyrightability is unnecessary because "whether an item is copyrightable is a question of law." *See Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002 (2017). "[M]atters of law are for the court's determination, not that of an expert witness." *United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999) (citing *Aguilar v. International Longshoremen's Union*, 966 F.2d 443, 447 (9th Cir. 1992)). Because Ms. Russell's proffered opinion, like Professor McKenna's, on the copyrightability of the Medusa lamp "calls for a legal conclusion," "it is an inappropriate matter for expert testimony" and must be excluded. *See* ECF No. 102-1, at 4:6-14.

## V. CONCLUSION

As a matter of law and public policy, Ms. Russell who has a direct financial stake in the outcome of this litigation is completely conflicted from acting as her own expert. This, combined with the fact that Ms. Russell has refused to produce the lamps upon which she claims to base her opinion, has prevented Walmart at every turn from exploring the basis of her opinion, has admitted that she did not even review her expert disclosure before it was served, and is pursuing an opinion on a subject matter this Court has already ruled does not warrant expert testimony shows a blatant disregard for and violation of the rules governing expert disclosures. Walmart has repeatedly asked that Ms. Russell withdraw as an expert, but Plaintiff has unreasonably refused to do so.

Accordingly, Ms. Russell's expert opinion and any testimony related to it should be excluded entirely.

Dated: September 13, 2021

Respectfully submitted,

By: */s/ Bijal V. Vakil*
     Bijal V. Vakil
Attorneys for Defendants Walmart Inc. and Wal-Mart.com USA, LLC

- 10 -

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document:

WALMART'S MOTION IN LIMINE NO. 5 TO EXCLUDE ROXANA TOWRY RUSSELL'S EXPERT TESTIMONY

has been served upon counsel of record via electronic mail pursuant to Fed.R.Civ.P. 5. on September 13, 2021.

*Counsel for Plaintiff Roxana Towry Russell*
Steve Papazian
steve@ruttenbergiplaw.com
Guy Ruttenberg
guy@ruttenbergiplaw.com
RUTTENBERG IP LAW, APC
1801 Century Park East, Suite 1920.
Los Angeles, CA 90067


Dated:  September 13, 2021

               */s/ Bijal V. Vakil*
               Bijal V. Vakil