Guy Ruttenberg, Bar No. 207937
guy@ruttenbergiplaw.com
Steve Papazian, Bar No. 288097
steve@ruttenbergiplaw.com
RUTTENBERG IP LAW,
A PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
Facsimile: (310) 627-2260

*Attorneys for Plaintiff Roxana Towry Russell, d/b/a Roxy Russell Design*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANA TOWRY RUSSELL, d/b/a ROXY RUSSELL DESIGN,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., *a Delaware corporation*; WAL-MART.COM USA, LLC, *a California Limited Liability Corporation*,<br><br>Defendant. | Case No. 2:19-cv-05495-MWF-JC<br><br>**DECLARATION OF STEVE PAPAZIAN IN SUPPORT OF PLAINTIFF ROXANA TOWRY RUSSELL'S OMNIBUS OPPOSITION TO DEFENDANTS' "AMENDED" MOTIONS *IN LIMINE* NOS. 1-5**<br><br>FPTC Date:   June 28, 2022<br>Time:            11:00 A.M.<br>Courtroom:   5A<br>Judge:          Hon. Michael W. |

DECLARATION OF STEVE PAPAZIAN

I, Steve Papazian, declare as follows:

1. I am an attorney licensed to practice in the State of California and before this Court. I am an attorney at the law firm of Ruttenberg IP Law, A Professional Corporation, attorneys for Roxana Towry Russell, d/b/a Roxy Russell Design ("Ms. Russell" or "Plaintiff"). If called as a witness, I could and would testify competently as to the facts set forth below, as I know each to be true based upon my own personal knowledge or upon my review of the files and records maintained by Ruttenberg IP Law, A Professional Corporation, in the regular course of its representation of Ms. Russell. I submit this declaration in support of Plaintiff's Omnibus Opposition to Defendants' "Amended" Motions *in Limine* Nos. 1-5, filed herewith.

### *Walmart's September 13, 2021 Inspection of Product Samples*

2. On September 13, 2021, I arranged for counsel for Walmart (Jeremy Elman) to inspect all four of Ms. Russell's pendant lamps, as well as the lamp that Plaintiff purchased from Walmart. Mr. Elman arrived at our office around 4:00 PM in the afternoon and brought a photographer with him to take pictures of the product samples.

3. After approximately 15-20 minutes, I was informed by my office staff that Mr. Elman had completed his inspection of the product samples. I returned to the conference room and spoke with Mr. Elman before he left our office. Neither Mr. Elman nor the photographer voiced any concern about the status of the product samples at that time. For example, neither Mr. Elman nor the photographer asked me (or requested our permission) to remove Ms. Russell's lamps from the way they were presented. Nor did Mr. Elman or the photographer ask that Walmart's lamp be displayed in any particular way. Had they asked to do either, I would have readily agreed.

4. At the culmination of our discussion, Mr. Elman confirmed that they had completed their inspection and left our office.

5. In between September 2021 and May 17, 2022, Walmart did not contact Plaintiff's counsel to request a further inspection of the product samples.

6. On May 17, 2022, I participated in a meet-and-confer with Mr. Elman to discuss the trial preparation process. In that discussion, I urged Walmart to withdraw their Motion *in Limine* No. 3 because they had already inspected the lamps. I also offered that Walmart could inspect the lamps a second time before trial, if they wanted to. Mr. Elman responded with the email that was filed as Docket No. 270-16 (p. 2).

### *The Parties May 17, 2022 Meet-and-Confer*

7. As mentioned, on May 17, 2022, I met and conferred with counsel for Walmart, Mr. Elman. The parties did not discuss motions *in limine*, except for the following.

8. First, as mentioned, I urged Walmart to withdraw its Motion *in Limine* No. 3 since they had already inspected the lamps.

9. Second, the parties discussed re-noticing their motions *in limine* by submitting a joint notice to point the Court to the prior briefing on these motions. The parties filed such a notice on February 4, 2022 in advance of the then-scheduled March 2022 trial date. (*See* Dkt. No. 260). Walmart never stated it would "amend" or file any new motions *in limine* in these discussions. I then drafted and circulated a revised joint notice along the lines of Docket No. 260, which I sent to Walmart on June 2, 2022. To the extent Walmart contends that the parties had any additional discussions regarding motions *in limine* at this meet-and-confer, it is incorrect. For example, Walmart did not disclose its intention to file a new Motion *in Limine* No. 2 at the parties' May 17, 2022 conference—instead, as set forth below, Walmart first gave notice of its intention to do so on June 3, the business day (Friday) before Walmart filed its motions (on Monday).

### *Walmart's Notice re Its "Amended" Motions*

10. On June 3, 2022, Walmart responded to the joint notice of motions *in limine* that I circulated the day before. In an email sent at 10:12 am, Mr. Elman disclosed, for the first time, that "Walmart intends to withdraw its Motion in Limine No. 2, ECF No. 183, and substitute another in its place." A true and correct copy of this email is attached as **Exhibit F**. Mr. Elman still did not state in his email that Walmart would file "amended" versions of any of its pending motions. I responded later that day, objecting to Walmart's intention to file new motion(s).

11. On June 6, 2022, I met and conferred with Mr. Elman regarding Walmart's motions *in limine*, which were due that same day. I asked Mr. Elman what Walmart was changing in its motions. Although Mr. Elman did not share any specific changes Walmart was making to its motions, he generally stated that Walmart's thinking had changed on some issues and they were planning to include some "new arguments."

12. On June 6, 2022, I asked Walmart to send us Word versions of its "amended" motions *in limine* so we could create redlines to see what Walmart changed from its prior versions. Walmart responded a day later, sending purported redlines at 7:26 pm on June 7, 2022. Attached hereto as **Exhibits A through E** are true and correct copies of the redline documents Walmart's counsel sent to our firm on June 7, 2022, which I understand correspond to Walmart's Motions *in Limine* Nos. 1-5.

### *Other Matters*

13. Attached hereto as **Exhibit G** are true and correct excerpts from the July 27, 2022 deposition transcript of Sidney Blum taken in the above-captioned matter.

I declare under penalty of perjury that the foregoing is true and correct.

1 Executed this day, June 13, 2022, in Los Angeles, California.

By:    */s/ Steve Papazian*
                Steve Papazian