Guy Ruttenberg, Bar No. 207937
guy@ruttenbergiplaw.com
Steve A. Papazian, Bar No. 288097
steve@ruttenbergiplaw.com
Bruce D. Kuyper, Bar No. 144,969
bruce@ruttenbergiplaw.com
RUTTENBERG IP LAW,
A PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
Facsimile: (310) 627-2260

*Attorneys for Plaintiff Roxana Towry Russell
d/b/a Roxy Russell Design*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANA TOWRY RUSSELL, d/b/a ROXY RUSSELL DESIGN, <br><br> Plaintiff, <br><br> v. <br><br> WALMART INC., et al., <br><br> Defendants. | Case No. 2:19-cv-05495-MWF (JCx) <br><br> **PLAINTIFF'S BRIEF RE WALMART'S "INNOCENT INFRINGER" AFFIRMATIVE DEFENSE** <br><br> Trial Date:  February 7, 2023 <br> Time:        8:30 a.m. <br> Courtroom: 5A <br> Judge:       Hon. Michael W. Fitzgerald |

Per the Court's instructions at the continued Final Pretrial Conference, Plaintiff Roxana Towry Russell files this brief regarding Walmart's proposed jury instructions relating to an innocent infringer affirmative defense.

Plaintiff opposes Walmart's proposal to include references to "innocent infringement" in the instructions, including in Walmart's proposed Instruction Nos. 5 and 11 relating to damages. (Dkt. No. 291 at 8:12, 23:11-12 & 23:20-24). Also, while Walmart can argue that infringement was not willful, Walmart should be precluded from arguing "innocence," which is different.

Innocent infringement is an affirmative defense, which is only available under certain circumstances. If the defendant proves "innocent infringement," statutory damages may be reduced down to as low as $200 per work.

Walmart did not plead this defense, nor did Walmart raise it during discovery. On the contrary, Walmart (and even its damages expert) repeatedly acknowledged that innocent infringement is not being pursued here. And to the extent Walmart was pursuing such a defense through its catch-all "Ninth Affirmative Defense," the Court dismissed that defense.

Walmart first hinted at an "innocent infringement" defense through the parties' exchange of jury instructions—but even then, Walmart explicitly agreed to withdraw the *substantive* instruction regarding this defense. Walmart did not mention this defense in its other pretrial filings, but Walmart just tries to sneak it back in through the damages instruction. Ultimately, the defense of innocent infringement is inconsistent with the facts, even under Walmart's theory.

## I.    RELEVANT BACKGROUND

Plaintiff brought suit on June 24, 2019, asserting (among other things) claims for copyright infringement, with allegations of willfulness. (Dkt. No. 1, *e.g.*, ¶ 64). Walmart answered on August 26, 2019, asserting nine affirmative defenses. (Dkt. No. 14). "Innocent infringement" was not among them. Walmart also never invoked an "innocent infringement" theory during discovery.

PLAINTIFF'S BRIEF RE WALMART'S INNOCENT INFRINGER DEFENSE

On August 17, 2020, the Court granted in part Plaintiff's motion for summary judgment, including as to all of Walmart's affirmative defenses, except with respect to the Fifth (DMCA) defense. (Dkt. No. 135 at 17). Plaintiff's motion (and the Court's Order) did not specifically address an "innocent infringer" defense because Walmart had never raised it—whether in the pleadings or in discovery. Nevertheless, the Court granted summary judgment dismissing Walmart's catch-all Ninth defense. (Dkt. No. 135 at 7, 17). On October 16, 2020, the Court denied Walmart's summary judgment motion in full, including as to Plaintiff's willfulness allegations. (Dkt. No. 162 at 20-21). There was no discussion of an innocence defense, which Walmart had not raised.

## II.   LEGAL STANDARD

As a general matter, "intent" is not an element required for proving copyright infringement. Still, if the plaintiff can prove that the defendant acted willfully, the available range of statutory damages is increased to $150,000 per work. 17 U.S.C. § 504(c)(2). If the defendant proves that infringement was innocent, statutory damages may be reduced as low as $200 per work. *Id.*

"Innocent infringement" is not simply the absence of willfulness or intent. Rather, it requires a showing that the defendant had no reason to believe that its conduct amounted to an infringement. *Los Angeles News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 995 (9th Cir. 1998). Even "practicability is not a proxy for innocence." *Id.* The defense is typically limited to an "unsophisticated" defendant. *Nat'l Football League v. PrimeTime 24 Joint Venture*, 131 F. Supp. 2d 458, 477 (S.D.N.Y. 2001). The defense is also largely unavailable when the defendant has access to a work with a copyright notice or where the plaintiff seeks actual damages. *See Fodor v. Los Angeles Unified Sch. Dist.*, No. CV 12-8090 DMG, 2014 WL 12235424, at *14 (C.D. Cal. Jun. 3, 2014).

Under Rule 8(c), "defendant's failure to raise an 'affirmative defense' in his answer effects a waiver of that defense." *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109,

PLAINTIFF'S BRIEF RE WALMART'S INNOCENT INFRINGER DEFENSE

1119 (9th Cir. 2022). Generally, courts have concluded that Rule 8(c) implicates any defense where the defendant bears the burden of proof. *In re Livent, Inc. Noteholders Sec. Litig.*, 355 F. Supp. 2d 722, 727 (S.D.N.Y. 2005). Rule 8(c) applies even if the defense does not bar liability. *See, e.g.*, *Andrews Farms v. Calcot, Ltd.*, 527 F. Supp. 2d 1239, 1254 (E.D. Cal. 2007) ("failure to mitigate damages is an affirmative defense that must be raised or is waived"). It is clear that the defendant bears the burden of proving that its infringement was innocent. *Los Angeles News Serv*, 149 F.3d at 996; *see also* 17 U.S.C. § 504(c)(2) (requiring that "the infringer sustains the burden of proving" the elements of innocence).

Numerous courts in this Circuit have held that "innocent infringement" is an affirmative defense that must be plead in accordance with Rule 8(c). For example, in *Amini Innovation Corp. v. McFerran Home Furnishings Inc.*, No. CV 13-6496 RSWL SSX, 2014 WL 360048, at *3 (C.D. Cal. Jan. 31, 2014), the Court struck the defense because "Defendants have failed to plead any facts to support their defense of innocent intent." Without "some factual allegation" tied to their innocence defense, defendants failed "to give Plaintiff fair notice of the nature and grounds of the defense." *Id.* Other courts have reached the same conclusion.[1]

### III.   <u>WALMART HAS WAIVED THE DEFENSE.</u>

*First*, by never pleading or raising the defense, Walmart waived any potential innocent infringement defense. *Wakefield*, 51 F.4th at 1119. As noted above, many courts in this district have stricken the "innocent infringer" defense in the absence of factual allegations that support it in the pleading. Those cases would make little

---

[1] *Davis v. Hollywood & Ivar, LLC,* No. CV 21-1235 VAP, 2021 WL 4816823, at *9 (C.D. Cal. Aug. 30, 2021) (granting motion to strike "Defendant's affirmative defense of innocent intent for insufficient pleading"); *Wild v. Benchmark Pest Control, Inc.*, No. CV 15-1876 JLT, 2016 WL 1046925, at *6 (E.D. Cal. Mar. 16, 2016) ("without factual allegations to support Defendant also had no reason to know the material was protected, the mere fact Defendant did not know of the copyright—due to the lack of watermark—is insufficient still").

PLAINTIFF'S BRIEF RE WALMART'S INNOCENT INFRINGER DEFENSE

1  sense if a defendant could preserve the defense without having mentioned it at all.

2    **Second**, Walmart never raised the defense during discovery. On the contrary,

3  even Defendants' damages expert (Mr. Lewis) implicitly acknowledged that

4  "innocent infringement" has not been asserted in this case. In his report, Mr. Lewis

5  cited (and quoted) the statutory damages scheme (17 U.S.C. § 504(c), relating to

6  statutory damages). (Dkt. No. 280-6, Lewis Report at 27). Under the heading of

7  "Amount of Statutory Damages in This Case," Mr. Lewis explains that Plaintiff is

8  alleging willfulness, which would entitle her to seek up to $150,000 per work,

9  whereas in the absence of willfulness the appropriate range is $750 to $30,000 per

10  work. (*Id.* at 28). Ultimately, Mr. Lewis concludes that "the award should be near

11  the lowest end of the range per work, at or near $750 per copyrighted work." (*Id.*).

12  At no point does Mr. Lewis suggest damages could be reduced to as low as $200

13  per work, which is the function of an innocence defense.

14    **Third,** the Court granted summary judgment with respect to all of Walmart's

15  defendants, except for its DMCA defense. (Dkt. No. 135 at 2, 7, 17, 20). The Court's

16  Order rejects Walmart's "catch-all" Ninth Affirmative Defense, which expressly

17  purported to capture not only those defenses required to be plead "under Rule 8,"

18  but encompassed "any other defense, at law or in equity." (Dkt. No. 14 ¶ 9). It would

19  be incongruent for Walmart to maintain a defense that it had never mentioned at all.

20    **Fourth**, to the extent it was not waived or dismissed, Walmart abandoned

21  any "innocent infringer" defense through the pretrial filings. It is unmentioned in

22  the parties' Proposed Joint Final Pretrial Conference Order. (Dkt. No. 221-1) and

23  in any of Walmart's versions (Dkt. Nos. 223-1, 226-1, and 294-1). Nor did Walmart

24  mention it in its L.R. 16-4 Memorandum of Contentions of Fact and Law. (Dkt. No.

25  280-10). Under L.R. 16-4.1(e), Walmart was required to list the elements required

26  to establish its affirmative defenses. Those elements are even set forth in the Ninth

27  Circuit's Model Jury Instruction No. 17.36. Yet, neither the defense nor its elements

28  appear in Walmart's pretrial filings.

PLAINTIFF'S BRIEF RE WALMART'S INNOCENT INFRINGER DEFENSE

***Fifth***, Walmart expressly abandoned the defense by removing it from its jury instructions. Namely, in an earlier version of its proposed jury instructions (from September 21, 2021), Walmart included the Ninth Circuit's Model Instruction 17.36. (*See* Dkt. No. 222 at 56-57 (Walmart's proposed instruction No. 28)). After the parties met and conferred—where Walmart conceded this was not preserved—Walmart ***withdrew*** Model Instruction 17.36 from its proposed instruction submitted on June 13, 2022. (Dkt. No. 291).

Allowing Walmart to "sneak in" this defense through jury instructions on damages would be highly prejudicial to Plaintiff. Walmart shouldn't be able to evade Plaintiff's summary judgment motion by holding back a defense, just to re-assert it through jury instructions.

## IV.   <u>THE DEFENSE IS INCONSISTENT WITH THE FACTS.</u>

Even setting aside waiver, this case does not present issues of innocent infringement, even under Walmart's theories. That defense applies where an infringer used copyrighted works, but believed it had the right to do so. Here, Walmart contends that it did not commit the acts of infringement and that someone else did so. That does not amount to innocent infringement defense. Worse yet, allowing Walmart to argue "innocence" would not only be unfairly prejudicial, but it would also confuse the jury by conflating "innocence" with the DMCA defense.

There is no dispute (and the Court has held) that the infringing images are "strikingly similar to Plaintiff's Photographs." (Dkt. No. 135 at 15). Images of Ms. Russell's works were used to sell different lamps. Walmart disputes liability for those claims, but that dispute does not amount to an "innocent infringer" defense.

## V.   <u>CONCLUSION</u>

The Court should reject any instructions relating to an "innocent infringer" defense. Walmart can argue and offer evidence disputing willfulness, consistent with the rules of evidence and prior rulings, and consistent with its disclosures. But Walmart should not be permitted to argue "innocence" as a defense.

DATED: January 30, 2023        By: */s/ Guy Ruttenberg*
                                     Guy Ruttenberg
                                     guy@ruttenbergiplaw.com
                                     Steve A. Papazian
                                     steve@ruttenbergiplaw.com
                                     Bruce D. Kuyper
                                     bruce@ruttenbergiplaw.com
                                     RUTTENBERG IP LAW, A
                                     PROFESSIONAL CORPORATION
                                     1801 Century Park East, Suite 1920
                                     Los Angeles, CA 90067
                                     Telephone: (310) 627-2270
                                     Facsimile: (310) 627-2260

                                     *Attorneys for Plaintiff,*
                                     *Roxana Towry Russell*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Roxana Towry Russell, certifies that this brief contains 1580 words, which complies with the word limit of L.R. 11-6.1.

DATED: January 30, 2023        By: */s/ Guy Ruttenberg*
                                     Guy Ruttenberg

PLAINTIFF'S BRIEF RE WALMART'S INNOCENT INFRINGER DEFENSE