# ATTACHMENT TO NOTICE OF APPEAL

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANA TOWRY RUSSELL, d/b/a ROXY RUSSELL DESIGN,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a Delaware corporation; WAL-MART.COM USA, LLC, a California Limited Liability Corporation,<br><br>Defendant. | Case No. 2:19-cv-5495-MWF (JCx)<br><br>The Honorable Michael W. Fitzgerald, United States District Judge<br><br>**JUDGEMENT AFTER TRIAL** |

This action came on regularly for jury trial between February 7, 2023 and February 14, 2023, in Courtroom 5A of this United States District Court. Plaintiff Roxanna Russell was represented by Guy Ruttenberg, Esq. and Bruce D. Kuyper Esq. of Ruttenberg IP Law, a Professional Corporation. Defendant Walmart Inc., and Wal-Mart.com USA, LLC (collectively "Walmart") was represented by Bijal V. Vakil, Esq., Jeremy T. Elman, Esq., Rebecca Delfiner, Esq., and Craig D. Gaver, Esq. of Allen and Overy, LLP.

1
**JUDGMENT AFTER TRIAL**

A jury of eight persons was regularly empaneled and sworn. Witnesses were sworn and testified, and exhibits were admitted into evidence.

After Plaintiff Roxana Russell rested, Defendant Walmart made a motion pursuant to Federal Rule of Civil Procedure 50(a) for a judgment as a matter of law as to all claims. The Court denied the Motion except as to the issue of punitive damages, which were available only for the unfair competition claim under California common law. The Court held that there was insufficient evidence for a reasonable jury to find that there was corporate ratification of the conduct giving rise to Plaintiff Roxana Russell's claims as required for an award of punitive damages under California law. Accordingly, the Motion was **GRANTED** on the issue of punitive damages.

Before the action was submitted to the jury, the Court also concluded that Plaintiff Roxana Russell's unfair competition claim under California common law was duplicative of her federal false designation of origin claim. Therefore, the Court withdrew that claim from the jury and advised that it would direct the verdict on that claim in accordance with the jury's verdict on the federal false designation of origin clam.

The Court also concluded that Plaintiff Roxana Russell's unfair competition claim under California Business and Professions Code section 17200 was derivative of the other claims being submitted to the jury and the damages, if any, would be awarded by the Court given only equitable remedies are available for that claim. Therefore, the Court withdrew the statutory unfair competition law claim from the jury and advised that it would direct the verdict on that claim.

## JURY VERDICT

After hearing the evidence and arguments of counsel, the eight-person jury was duly instructed by the Court and the cause was submitted to the jury. The jury deliberated and thereafter returned a verdict as follows:

## COPYRIGHT INFRINGEMENT CLAIMS

**QUESTION NO. 1:**

Did Plaintiff Roxana Russell prove that Defendant Walmart is liable for copyright infringement of the following copyrighted materials (based on direct infringement *or* vicarious infringement *or* contributory infringement)?

| | | |
|---|---|---|
| A. Medusa photograph: | __X__ YES | ____ NO |
| B. Polyp photograph: | __X__ YES | ____ NO |
| C. Medusa sculpture: | __X__ YES | ____ NO |
| D. Polyp sculpture: | __X__ YES | ____ NO |
| E. Ophelia sculpture: | __X__ YES | ____ NO |

*If you answered YES to any of Question Nos. 1A-1E, please answer Question No. 2.*
*If you answered NO to all of Question Nos. 1A-1E, please skip to Question No. 8.*

**QUESTION NO. 2:**

Did Defendant Walmart prove that it is entitled to the online service provider affirmative defense (Digital Millennium Copyright Act)?

YES_____ NO__X__

*If you answered YES, please skip to Question No. 8.*
*If you answered NO, please answer Question No. 3.*

**QUESTION NO. 3:**

What amount of actual damages do you award Plaintiff Roxana Russell based on Defendant Walmart's copyright infringement?

$_____22,000_____

*Please answer Question No. 4.*

**QUESTION NO. 4:**

3
**JUDGMENT AFTER TRIAL**

What amount of Defendant Walmart's profits do you award Plaintiff Roxana Russell based on Defendant Walmart's copyright infringement?

$\underline{\hspace{1cm}\$5,000\hspace{1cm}}$

*Please answer Question No. 5.*

**QUESTION NO. 5:**

Did Roxana Russell prove independent economic value for two or five copyrighted "works"?

$\underline{\hspace{0.5cm}X\hspace{0.5cm}}$ Five Works (as claimed by Plaintiff Roxana Russell)

$\underline{\hspace{1cm}}$ Two Works (as claimed by Defendant Walmart)

*If you answered "Five Works", please answer Question No. 6.*
*If you answered "Two Works", please skip to Question No. 7.*

**QUESTION NO. 6:**

For each of the five works, what amount of statutory damages do you award Plaintiff Roxana Russell?

*Your award must be between $750 and $30,000 per work, or up to $150,000 per work if you find that the infringement of that work was willful.*

    A. Medusa photograph: $\underline{\hspace{1cm}\$15,000\hspace{1cm}}$
    B. Polyp photograph: $\underline{\hspace{1cm}\$15,000\hspace{1cm}}$
    C. Medusa sculpture: $\underline{\hspace{1cm}\$15,000\hspace{1cm}}$
    D. Polyp sculpture: $\underline{\hspace{1cm}\$15,000\hspace{1cm}}$
    E. Ophelia sculpture: $\underline{\hspace{1cm}\$15,000\hspace{1cm}}$

*Please skip to Question No. 8.*

**QUESTION NO. 7:**

For each of the two works, what amount of statutory damages do you award Plaintiff Roxana Russell?

*Your award must be between $750 and $30,000 per work, or up to $150,000 per work if you find that the infringement of that work was willful.*

4
**JUDGMENT AFTER TRIAL**

```
    A. Photographs        $_____
    B. Sculptures         $_____
```
*Please answer Question No. 8.*

**CLAIMS FOR FALSE ADVERTISING AND UNFAIR COMPETITION**

**QUESTION NO. 8:**

    Did Plaintiff Roxana Russell prove that Walmart is liable for false advertising?

YES_____ NO__X__

*Please answer Question No. 9.*

**QUESTION NO. 9:**

Did Plaintiff Roxana Russell prove that Walmart is liable for unfair competition (false designation of origin)?

YES_____ NO__X__

*If you answered YES to either Question Nos. 8 **or** 9, please answer Question No. 10.*

*If you answered NO to both Question Nos. 8 **and** 9, please sign and return this form.*

**QUESTION NO. 10:**

    What amount of damages do you award Plaintiff Roxana Russell for the costs of corrective advertising?

$_____NONE $0.00_____

**THE COURT'S DIRECTED VERDICT**

    Pursuant to the jury's verdict on the federal false designation of origin claim (Question No. 9), the Court hereby directs the verdict in favor of Defendant Walmart on Plaintiff Roxana Russell's unfair competition claim under California common law.

    Pursuant to the jury's verdict on all claims submitted to it, the Court hereby

directs the verdict in favor of Defendant Walmart on Plaintiff Roxana Russell's statutory unfair competition claim under California Business and Professions Code section 17200.

To the extent Plaintiff Roxana Russell's statutory unfair competition claim is premised on violations of the Copyright Act, it is preempted by federal law. *See Media.net Advert. FZ-LLC v. NetSeer, Inc.*, 156 F. Supp. 3d 1052, 1074 (N.D. Cal. 2016) ("To the extent that Plaintiff brings this [UCL] claim based on conduct involving subject matter covered by the Copyright Act, the claim is preempted if it implicates rights contained in that Act.") (citing *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209 (9th Cir. 1998)). Accordingly, because Plaintiff Roxana Russell prevailed only on her copyright infringment claims, the jury's verdict does not support a finding of liability on Plaintiff Roxana Russell's California statutory unfair competition law claim, and the Court need not award equitable damages.

## ELECTION OF DAMAGES ON COPYRIGHT CLAIM

On February 15, 2023, the Court Ordered Plaintiff to file a notice confirming her election of damages as to the copyright infringment claims. (Order (Docket No. 359)).

Pursuant to the Court's Order, Plaintiff filed a Notice of Election of Damages on February 21, 2023, electing the statutory damages awarded by the jury's verdict as to the copyright infringment claims in the amount of $75,000.00. (Notice (Docket No. 368)).

## FINAL JUDGMENT

Now, therefore, pursuant to Rules 54 and 58 of the Federal Rules of Civil Procedure**, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that final judgment in this action be entered as follows:

1. *On Plaintiff Roxana Russell's claim for relief for violations of the Copyright Act (17 U.S.C. § 501) (Counts I-III in Complaint)*: Judgment is entered in favor of Plaintiff Roxana Russell and against Defendant Walmart in the amount of $75,000.00.

2. *On Plaintiff Roxana Russell's claim for relief for violations of the Lanham Act (15 U.S.C. § 1125(a)), premised on Defendant Walmart's false designation of origin (Count IV in Complaint)*: Judgment is entered in favor of Defendant Walmart. Plaintiff Roxana Russell shall take nothing on her false designation of origin claim.

3. *On Plaintiff Roxana Russell's claim for relief for violations of the Lanham Act (15 U.S.C. § 1123(a)), premised on Defendant Walmart's alleged false advertising (Count V in Complaint)*: Judgment is entered in favor of Defendant Walmart. Plaintiff Roxana Russell shall take nothing on her false advertising claim.

4. *On Plaintiff Roxana Russell's California common law unfair competition claim (Count VI in Complaint)*: Judgment is entered in favor of Defendant Walmart. Plaintiff Roxana Russell shall take nothing on her common law unfair competition claim.

5. *On Plaintiff Roxana Russell's statutory unfair competition claim (Cal. Bus. & Prof. Code § 17200, et. seq.) (Count VII in Complaint)*: Judgment is entered in favor of Defendant Walmart. Plaintiff Roxana Russell shall take nothing on her statutory unfair competition claim.

6. Plaintiff may seek to recover attorney's fees and costs as provided by law.

Dated: May 16, 2023.

_____
MICHAEL W. FITZGERALD
United States District Judge

7
**JUDGMENT AFTER TRIAL**