UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-5495-MWF (JCx)          **Date:** August 17, 2023
**Title:** Roxana Towry Russell v. Walmart Inc. et al

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:          Court Reporter:
Rita Sanchez          Not Reported

Attorneys Present for Plaintiff:          Attorneys Present for Defendant:
None Present          None Present

**Proceedings (In Chambers):**    ORDER RE: DEFENDANTS' MOTION FOR JUDGMENT PURSUANT TO RULE 50(b) [386]

Before the Court is Defendants Walmart Inc. and Wal-Mart.com USA, LLC (collectively "Walmart") Renewed Motion for Judgment as a Matter of Law Pursuant to Rule 50(b), filed on June 13, 2023. (Docket No. 386). Plaintiff Roxana Towry Russell filed an Opposition to the Rule 50(b) Motion on July 24, 2023. (Docket No. 416). Walmart filed a Reply on July 31, 2023. (Docket No. 419).

The Motion was noticed to be heard on **August 21**, **2023**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **DENIED**. There was sufficient evidence for the jury to find that Plaintiff proved copyright infringement on at least one of the three alternative theories and that Walmart failed to prove entitlement to the Digital Millennium Copyright Act ("DMCA") defense.

**I.**     **LOCAL RULE 7-3**

Plaintiff argues that the Motion should be denied based on Walmart's failure to comply with Local Rule 7-3. (Opp. at 9-10). Plaintiff contends that Walmart deliberately ignored or declined repeated requests from Plaintiff to discuss any post-trial motions. (*Id.* at 9). Plaintiff also points out that the Motion fails to include a

---

**CIVIL MINUTES—GENERAL**          1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5495-MWF (JCx)          Date:  August 17, 2023
Title:  Roxana Towry Russell v. Walmart Inc. et al

certification of compliance with Local Rule 7-3.  (*Id*.).  Plaintiff argues that Walmart's failures to comply with the spirit and letter of Local Rule 7-3 prejudiced her because Plaintiff would have brought her own Rule 50(b) motion if she knew Walmart planned to bring such a motion.  (*Id.* at 10).

Walmart responds that the parties discussed the relevant issues through multiple correspondences after trial and there was no need to further meet and confer to discuss the substance of the contemplated motion because the parties agreed to stand on their positions.  (Reply at 11).

Based on the Court's review of the correspondence attached to the Opposition and Walmart's failure to include a certificate of compliance with its Motion, it seems clear that Walmart failed to substantially comply with Local Rule 7-3.  While the Court takes the Local Rules seriously and has previously denied motions for failure to comply, the Court does not believe there was substantial prejudice or that further conferences of counsel would have led to a different outcome.  Plaintiff contends that she believes she "was vindicated at trial, so she has no reason to bring her own post-trial motions," and therefore, it is unclear to the Court why Plaintiff's decision as to whether to bring her own Rule 50(b) motion should have turned on Walmart's decision to bring such a motion.  Plaintiff has defended the outcome of the trial in her Opposition and if she wished to bring an affirmative Rule 50(b) motion, Walmart's failure to confer did not altogether prevent her from doing so.  The Court also notes that Walmart's counsel has repeatedly stated its intention to appeal in this action, and so, in the Court's view, the Motion should not have come as much of a surprise.  While the Court does not condone Walmart's violations of the Local Rules, the Court will nonetheless decide the merits of the Motion given the lack of substantial prejudice to Plaintiff.

## II.  BACKGROUND

The parties are by now quite familiar with the factual background of this action, which are fully set forth in the Court's prior summary judgment orders, the First Motion for Summary Judgment Order ("FMSJ Order"), granting in part and denying in

**CIVIL MINUTES—GENERAL**          2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 19-5495-MWF (JCx)          **Date:**  August 17, 2023
**Title:**   Roxana Towry Russell v. Walmart Inc. et al

part Plaintiff's Motion for Summary Judgment (Docket No. 135), and the Second Motion for Summary Judgment Order ("SMSJ Order"), denying Walmart's Motion for Remand to the Register of Copyrights and for Summary Judgment (Docket No. 162). The Court also recounted the relevant procedural history in the Judgment After Trial (Docket No. 374). Accordingly, the Court will not repeat all of those facts here but incorporates by reference the factual and procedural background from its prior orders.

     On or about June 24, 2019, Plaintiff filed this action against Walmart for copyright infringement, violations of the Lanham Act, and for unfair competition under California common law and California Business & Professions Code §17200. As for the copyright infringment claim, Plaintiff alleged that Walmart infringed five copyrighted materials: two pictorial works (both registered under a group copyright registration, U.S. Copyright Registration No. VA 1-765-599) and three sculptural works (each registered under a group registration, U.S. Copyright Registration No. VA 1-765-597). Plaintiff contended that Walmart infringed on her copyrighted photographs by storing the photographs on their servers and displaying copies on Walmart's online e-commerce website through publishing product listings that offered to sell the sculptures depicted in the photographs (the "Product Listings"). And Plaintiff argued that Walmart infringed her copyrighted sculptures by selling inferior replicas of her physical sculptures ("the Replica Products").

     Walmart disputed that it published (or caused to be published) the photographs in connection with the Product Listings or that it sold any of the Replica Products, but rather, contended that a third-party retailer, Sunsea Grocery ("Sunsea") displayed the photographs in the Product Listings and sold the Replica Products.

     After Plaintiff Roxana Russell rested, Defendant Walmart made a motion, pursuant to Rule 50(a) for a judgment as a matter of law. Walmart argued that Plaintiff failed to prove causation for direct infringment; that a rational jury could not find against it on the DMCA defense; and that Plaintiff failed to offer sufficient evidence to award punitive damages. The Court denied the motion except as to the issue of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 19-5495-MWF (JCx) | Date:  August 17, 2023 |
| Title:  Roxana Towry Russell v. Walmart Inc. et al | |

punitive damages, which were available only for the unfair competition claim under California common law.  The Court held that there was insufficient evidence for a reasonable jury to find that there was corporate ratification as required for an award of punitive damages under California law.  Plaintiff also made a Rule 50(a) motion but does not renew that motion herein.

The case was submitted to the jury after a five-day trial.  The jury found in favor of Plaintiff on copyright infringment for five separate works and against Defendant on the DMCA defense.  Based on the copyright infringment claim, the jury awarded Plaintiff $28,000 in actual damages or $75,000 in statutory damages, and Plaintiff subsequently elected to receive the latter award.  (Judgment After Trial (Docket No. 374)).  The jury found in favor of Walmart on all other claims.

On February 15, 2023, the Court Ordered Plaintiff to file a notice confirming her election of damages as to the copyright infringment claims.  (Order (Docket No. 359)).  Pursuant to the Court's Order, Plaintiff filed a Notice of Election of Damages on February 21, 2023, electing the statutory damages awarded by the jury's verdict as to the copyright infringment claims in the amount of $75,000.00.  (Notice (Docket No. 368)).

The Court entered judgment on May 16, 2024.  Walmart filed its Rule 50(b) motion on June 13, 2023.

**III.   RELEVANT JURY INSTRUCTIONS AND VERDICT FORM**

The Court has reproduced the relevant jury instructions and verdict form regarding the copyright infringment claim and the DMCA defense as follows:

### JURY INSTRUCTION NO. 21
### Direct Copyright Infringement – Causation

To establish Defendant Walmart's liability on any of Plaintiff Roxana Russell's direct copyright infringement claims, Plaintiff Roxana

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 19-5495-MWF (JCx)                Date: August 17, 2023
Title: Roxana Towry Russell v. Walmart Inc. et al

Russell must prove by the preponderance of the evidence that Defendant Walmart was the cause of the infringement.

To establish causation, Plaintiff Roxana Russell must produce evidence showing Defendant Walmart exercised control (other than by general operation of its website) over the display of the allegedly infringing photographs and/or the distribution of the sculptures. Plaintiff Roxana Russell may show such control by proving that Defendant Walmart selected the allegedly infringing material(s) for upload, download, transmission, or storage; or instigated any copying, storage, or distribution of Plaintiff Roxana Russell's copyrighted photographs or sculptures. In other words, Defendant Walmart is liable for direct copyright liability if you find that Defendant Walmart was actively involved in the infringement.

However, passive participation, such as automatic copying, storage, and transmission of copyrighted materials, when instigated by a party other than Defendant Walmart, does not render Defendant Walmart liable for direct copyright infringement.

### JURY INSTRUCTION NO. 24
### Verdict on Copyright Infringment Claims

If, for any of the copyrighted materials, you find Plaintiff Roxanna Russell proved each of the elements described in these instructions for direct infringement *or* vicarious infringment *or* contributory infringement, you should find for Plaintiff Roxanna Russell on the copyright claim for that material.

If, on the other hand, for any of the copyrighted materials, you find Plaintiff Roxanna Russell failed to prove one or more elements for direct infringement *and* vicarious infringement *and* contributory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5495-MWF (JCx)                          Date:  August 17, 2023

Title:   Roxana Towry Russell v. Walmart Inc. et al

infringment, your verdict should be for Defendant Walmart for the copyright claim for that material.

### JURY INSTRUCTION NO. 25
### Online Service Provider Affirmative Defense
### (Digital Millennium Copyright Act)

Defendant Walmart contends that it is an online service provider and therefore is not liable for copyright infringement because the infringement was caused by information residing on Defendant Walmart's systems or networks at the direction of users.  This affirmative defense is provided by a law called the Digital Millennium Copyright Act.

Defendant Walmart is entitled to prevail on this affirmative defense if Defendant Walmart proves all of the following elements by a preponderance of the evidence:

1. Defendant Walmart adopted, reasonably implemented and informed users of a policy to terminate users who are repeat copyright infringers;

2. Defendant Walmart is facing liability for copyright infringement based on information residing on its systems or networks at the direction of users;

3. Defendant Walmart lacked actual knowledge that the material or activity on the system or network was infringing;

4. while having the right and ability to control the infringing activity, Defendant Walmart did not receive a financial benefit directly attributable to the infringing activity; and

5. either: a. Defendant Walmart was not aware of facts or circumstances from which the specific infringing activity was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-5495-MWF (JCx)          **Date:** August 17, 2023

**Title:** Roxana Towry Russell v. Walmart Inc. et al

apparent, or b. upon obtaining knowledge or awareness or upon receiving a valid notification of claimed infringement, Defendant Walmart acted expeditiously to remove or disable access to the material.

If you find Defendant Walmart has proved all of these elements, Defendant Walmart is entitled to prevail on this affirmative defense.

If, on the other hand, you find that Defendant Walmart has failed to prove all of these elements, Defendant Walmart is not entitled to prevail on this affirmative defense.

(Final Jury Instructions (Docket No. 358)).

## JURY VERDICT FORM
## COPYRIGHT INFRINGEMENT CLAIMS

**QUESTION NO. 1:**

Did Plaintiff Roxana Russell prove that Defendant Walmart is liable for copyright infringement of the following copyrighted materials (based on direct infringement *or* vicarious infringement *or* contributory infringement)?

A. Medusa photograph: __X__ YES ____ NO
B. Polyp photograph: __X__ YES ____ NO
C. Medusa sculpture: __X__ YES ____ NO
D. Polyp sculpture: __X__ YES ____ NO
E. Ophelia sculpture: __X__ YES ____ NO

*If you answered YES to any of Question Nos. 1A-1E, please answer*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-5495-MWF (JCx)          **Date:** August 17, 2023

**Title:** Roxana Towry Russell v. Walmart Inc. et al

*Question No. 2.*
*If you answered NO to all of Question Nos. 1A-1E, please skip to Question No. 8.*

**QUESTION NO. 2:**
Did Defendant Walmart prove that it is entitled to the online service provider affirmative defense (Digital Millennium Copyright Act)?
YES_____  NO__X__
*If you answered YES, please skip to Question No. 8.*
*If you answered NO, please answer Question No. 3.*

**QUESTION NO. 3:**
What amount of actual damages do you award Plaintiff Roxana Russell based on Defendant Walmart's copyright infringement?
$_____22,000_____
*Please answer Question No. 4.*

**QUESTION NO. 4:**
What amount of Defendant Walmart's profits do you award Plaintiff Roxana Russell based on Defendant Walmart's copyright infringement?
   $_____$5,000_____
*Please answer Question No. 5.*

**QUESTION NO. 5:**
Did Roxana Russell prove independent economic value for two or five copyrighted "works"?
____X____ Five Works (as claimed by Plaintiff Roxana Russell)
_____ Two Works (as claimed by Defendant Walmart)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-5495-MWF (JCx)          **Date:** August 17, 2023
**Title:** Roxana Towry Russell v. Walmart Inc. et al

*If you answered "Five Works", please answer Question No. 6.*
*If you answered "Two Works", please skip to Question No. 7.*

**QUESTION NO. 6:**
For each of the five works, what amount of statutory damages do you award Plaintiff Roxana Russell?
*Your award must be between $750 and $30,000 per work, or up to $150,000 per work if you find that the infringement of that work was willful.*

| | | |
|---|---|---|
| A. Medusa photograph: | $ | $15,000 |
| B. Polyp photograph: | $ | $15,000 |
| C. Medusa sculpture: | $ | $15,000 |
| D. Polyp sculpture: | $ | $15,000 |
| E. Ophelia sculpture: | $ | $15,000 |

*Please skip to Question No. 8.*
(Jury Verdict Form (Docket No. 367)).

### IV.  DISCUSSION

#### A.  Legal Standard

Walmart contends that it is entitled to judgment as a matter of law, under Federal Rule of Civil Procedure 50(b) because Plaintiff failed to prove causation, which is necessary to support a theory of direct infringment and because Walmart sufficiently proved its entitlement to the DMCA defense.

Juries perform a vital role in our system of justice. As triers of fact, jurors become a part of the court itself, and judges are "rarely entitled to disregard jury verdicts that are supported by substantial evidence." *Duk v. MGM Grand Hotel, Inc.*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 19-5495-MWF (JCx) | Date:  August 17, 2023 |
| Title:   Roxana Towry Russell v. Walmart Inc. et al | |

320 F.3d 1052, 1058 (9th Cir. 2003).  But on occasion, the Federal Rules of Civil Procedure do permit a Court to enter judgment as a matter of law.  *See* Fed. R. Civ. P. 50(b).

The party seeking to overturn the jury's verdict, however, "wages an uphill battle."  *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004).  Even when a verdict is inconsistent, the Seventh Amendment requires the court to reconcile the inconsistency in any possible way.  *Norris v. Sysco*, 191 F.3d 1043, 1048 (9th Cir. 1999) ("When faced with a claim that verdicts are inconsistent, the court must search for a reasonable way to read the verdict as expressing a coherent view of the case . . . .") (quoting *Toner v. Lederle Labs.*, 828 F.2d 510, 512 (9th Cir.1987)).  The trial court may even assume that "the jury's lay understanding of a particular legal concept differs from the court's" when attempting to harmonize specific discrepancies.  *Floyd v. Laws*, 929 F.2d 1390, 1396 (9th Cir. 1991).  Only when all such efforts fail may the court set aside the jury's verdict and enter judgment for the opposing party as a matter of law.

When presented with a motion for judgment as a matter of law, "the court . . . may not make credibility determinations or weigh the evidence."  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).  Rather, the court must view all evidence "in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor."  *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) (quoting *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006)).  The appropriate test is whether "the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict."  *Id*.

B.   **Discussion**

Walmart's Motion essentially asks the Court to disregard all evidence that supports Plaintiff's theory of the case and draw all inferences in its favor, which the Court may not do.  The Court, therefore, summarily denies the Motion for all the reasons previously stated on the record, argued by Plaintiff, and as explained in the FMSJ and SMSJ Orders.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5495-MWF (JCx)                          Date:  August 17, 2023

Title:   Roxana Towry Russell v. Walmart Inc. et al

Specifically, the Motion must be denied for the following reasons:

*First*, there was sufficient evidence for a jury to conclude that Walmart "caused" the copyright infringment of the photographs and sculptures. Walmart's arguments to the contrary require the Court and jury to disregard the differences between two types of sellers that participate on Walmart's online marketplace: Marketplace Sellers and Direct Ship Vendors ("DSVs"). But there was evidence at trial that there are significant differences between these types of sellers. While Marketplace Sellers act as third parties, operating independently from Walmart, according to Walmart's own policies and certain testimony, sales from DSV listings are considered first-party sales, meaning Walmart is actively involved with, and has "final say" as to what is displayed and sold pursuant to, DSV listings. Because there was evidence that the Product Listings undisputedly indicated that the Replica Products were "Sold and shipped by Walmart," the jury was free to conclude that the relevant Product Listings were subject to Walmart's DSV policies and procedures. Accordingly, based on reasonable inferences from the evidence, a rational jury could conclude that Walmart was actively involved in the infringment beyond mere operation of its website.

Specifically, the following evidence supported the jury's finding that Walmart directly instigated the copying, storage, and/or display of the copyrighted photographs:

- the Product Listings stated the Replica Products were "Sold and shipped by Walmart" (Trial Ex. 35 (Docket No. 386-5));

- testimony that the product listings associated with DSVs will appear to consumers as products being "Sold and shipped by Walmart" (Trial Tr. 2/8/23 at 292:5-8) (Docket No. 401));

- that Walmart category specialists or managers must approve companies before they can sell on walmart.com as DSVs (*id.* at 316:23-317:23);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 19-5495-MWF (JCx)                    Date:  August 17, 2023
Title:   Roxana Towry Russell v. Walmart Inc. et al

- that before a "product can be offered or marketed or sold" on Walmart's website, DSVs must provide Walmart with "product images [and] product descriptions" (*id.* at 375:14-18);

- that the photographs associated with the Product Listings were stored on Walmart's servers and displayed by Walmart (*id*. at 423:25-424:3, 424:21-25); and

- that Walmart's category specialists "have the final say when it comes to the content that appears on Walmart.com" (*id.* at 319:3-320:21) and "can essentially override the decisions in the content uploaded by the suppliers." (*id.* at 230:22-25).

The above evidence was sufficient for the jury to find "causation" or "volitional conduct" for direct infringment.  *See VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 732 (9th Cir. 2019) (to establish causation for direct infringment, the plaintiff must produce "some evidence showing the alleged infringer exercised control (other than by general operation of its website)") (internal alterations and citations omitted); *see also Bell v. Wilmott Storage Services, LLC*, 12 F.4th 1065, 1081-82 (9th Cir. 2021) ("Here, VisitUSA.com did not merely function as an online platform where third-party users independently upload and share materials [internal citation omitted], but rather a website managed (and updated) by Wilmott itself, which included the data then stored on the website's servers, including the Indianapolis photo . . . .  As a result, Wilmott's actions assuming responsibility for and maintaining the server are clearly the most important causes of the public display of the Indianapolis photo.") (internal quotation marks and citations omitted).

To the extent that Walmart suggests that the jury could not rely on a reasonable inference from the circumstantial evidence to conclude that Walmart was more than passively involved in the display of copyrighted photographs on the relevant Product Listings, but instead needed direct evidence that a specific person at Walmart performed a specific act with respect to the Product Listings, the Court rejects that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-5495-MWF (JCx)          **Date:** August 17, 2023

**Title:** Roxana Towry Russell v. Walmart Inc. et al

argument. As the jury instructions explained, the jury was free to weigh circumstantial evidence equally with direct evidence. (*See* Jury Instruction No. 7).

As for the sculptures, there was sufficient evidence for the jury to conclude that Walmart is liable for causing the distribution of the copyrighted sculptures based on the evidence that Walmart took title over the infringing replicas and itself designated shipping arrangements to deliver the sculptures to customers. (*See* Trial Tr. 2/8/23 at 296:22-24, 305:7-16, 307:17-19, 308:4-12, 309:9-15, 392:24-25, 412:25-413:3 (Docket No. 401), Tr. Ex. 36 (Direct Ship Vendor Agreement) at 13 (Docket No. 416-8)) (cumulative evidence regarding Walmart's role in shipping products sold via DSV listings). Such conduct is sufficiently "volitional" to render it directly liable. *See, e.g., Atari Interactive, Inc. v. Redbubble, Inc.*, 515 F. Supp. 3d 1089, 1113 (N.D. Cal. 2021), *aff'd in part, appeal dismissed in part*, No. 21-17062, 2023 WL 4704891 (9th Cir. July 24, 2023) ("Since Redbubble actively instigates and exercises control over the sales on its website, a reasonable jury could find that Redbubble is liable for direct infringement[.]").

***Second***, even if there was insufficient evidence of causation to support a finding of direct infringement, "a jury's verdict may stand on a legally viable theory even if a legally defective theory also was presented." *Webb v. Sloan*, 330 F.3d 1158, 1166 (9th Cir. 2003). The Ninth Circuit has held that courts can, in their discretion, "construe a general verdict as attributable to a theory submitted to the jury that was viable." *Id.* (citing *Kern v. Levolor Lorentzen, Inc.*, 899 F.2d 772, 777 (9th Cir. 1990)). "In deciding whether to exercise this discretion, the factors [to] consider are: (1) the potential for confusion of the jury; (2) whether the losing party's defenses apply to the count upon which the verdict is being sustained; (3) the strength of the evidence supporting the count relied upon to sustain the verdict; and (4) the extent to which the same disputed issues of fact apply to the various legal theories." *Id.* at 1166-67. The Court applies this principle to the answer to a question on a special verdict form that allows a finding of liability on multiple theories, i.e., the contributory and/or vicarious liability theories as well (Question No. 1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-5495-MWF (JCx)            **Date:** August 17, 2023

**Title:** Roxana Towry Russell v. Walmart Inc. et al

Walmart does not suggest that there was juror confusion; does not challenge the weight of the evidence supporting vicarious or contributory liability; and does not suggest that the causation issue infected the secondary liability theories. Moreover, the DMCA defense applies equally to direct and secondary copyright infringment, and if successful, would have absolved Walmart of liability regardless of which theory of infringment the jurors choose. Therefore, the factors weigh in favor of upholding the verdict on the secondary liability theories.

While Walmart tries to argue in the Reply that it has preserved challenges to the secondary liability theories, the Court rejects such an argument. In its pre- and post-verdict Motions, Walmart only moved on the issues of causation and the DMCA defense; it has never advanced any basis for directing a verdict as to the secondary copyright infringement theories. In other words, Walmart has never pointed to any specific element of the secondary liability theories that Plaintiff failed to prove. Therefore, any challenges to those theories are waived.

In any event, for the reasons stated here and which were apparent at trial, Walmart's challenges to the secondary liability theories are without merit.

***Third***, the jury could reasonably conclude that Walmart failed to prove each of the elements required to establish the DMCA defense, most evidently that Walmart reasonably implemented a policy to terminate repeat copyright infringers as applied to DSVs and that it did not financially benefit from the infringing activity while having the right and ability to control the infringing activity. (*See* Opposition at 20, 22-23). The Court also agrees with Plaintiff that the jury was free to ignore much of the contrary testimony from Walmart's two corporate witnesses based on their lack of personal knowledge and/or credibility. (*Id.* at 22 (citing testimony in which Walmart's witnesses explained that they lacked knowledge regarding key evidence); *see also id.* at 24 (citing multiple instances in which Walmart's witnesses were impeached)).

Accordingly, the Rule 50(b) Motion is **DENIED**.

IT IS SO ORDERED.