Jeremy T. Elman (SBN 223696)
jelman@duanemorris.com
Jennifer M. Lantz (SBN 202252)
jmlantz@duanemorris.com
Duane Morris LLP
260 Homer Street, Suite 202
Palo Alto, CA 94301
Telephone: (650) 847-4150
Facsimile: (650) 847-4151

*Attorneys for Defendants*
WALMART INC. AND WAL-MART.COM USA, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION-LOS ANGELES

| | |
|---|---|
| ROXANA TOWRY RUSSELL, D/B/A ROXY RUSSELL DESIGN,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., A DELAWARE CORPORATION; WAL-MART.COM USA, LLC, A CALIFORNIA LIMITED LIABILITY CORPORATION,<br><br>Defendant. | Case No. 2:19-cv-05495-MWF-JC<br><br>**NOTICE OF MOTION AND UNOPPOSED MOTION FOR APPROVAL OF BOND AND STAY OF EXECUTION**<br><br>Date: March 25, 2024<br>Time: 10:00 AM<br>Judge: Hon. Michael W. Fitzgerald<br>Courtroom: 5A |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on March 25, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard before The Honorable Michael W. Fitzgerald, United States District Court Judge, in Courtroom 5A of the above-entitled Court, located at First Street Courthouse, 350 West First Street, Los Angeles, California 90012, Defendants Walmart Inc. and Wal-Mart.com USA, LLC ("Walmart") and hereby does move this Court, pursuant to Federal Rules of Civil Procedure, Rule 62(b), for an order staying proceedings by bond to enforce

the judgment in this matter pending appeal.

Walmart's motion is unopposed. Walmart's motion should be granted because it provides a bond pursuant to Federal Rule of Civil Procedure 62(b) to secure and stay execution of the final judgment during the pendency of the post-judgment motions and any appeal.

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities, the Declaration of Jeremy T. Elman ("Elman Decl.") and supporting exhibits, and such other matters as may be presented to the Court at the hearing on this motion.

This motion is made following the conferences of counsel pursuant to L.R. 7-3 which took place on February 2, 5, 14-16, and 21-22. *See* Elman Decl., ¶3. Plaintiff agreed not to oppose this motion. *Id*.

Dated: February 22, 2024      Respectfully submitted,

**DUANE MORRIS LLP**

By: */s/ Jeremy T. Elman*

Jeremy T. Elman
Jennifer M. Lantz

*Attorneys for Defendants*
WALMART INC. AND
WAL-MART.COM USA, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

Walmart seeks to stay execution of the final judgment entered on May 16, 2023, as well as any additional amounts awarded to Plaintiff by the Court or its clerk, including the Court's January 2, 2024 order awarding $1,486,199.25 in attorneys' fees and $28,703.56 in costs. Walmart requests that Court's approval of a bond, pursuant to Federal Rule of Civil Procedure 62(b). Plaintiff agreed not to oppose this motion. Elman Decl., ¶3.

The Court issued a final judgment on May 16, 2023. Walmart filed a renewed motion for judgment as a matter of law, which was denied on August 17, 2023. Plaintiff filed a motion for attorneys' fees, which was granted on January 2, 2024. Walmart filed notices of appeal challenging both the underlying judgment and the award of fees and costs.

Walmart has provided a bond pursuant to Federal Rule of Civil Procedure 62(b) to secure and stay execution of the final judgment during the pendency of the post-judgment motions and any appeal. *See* Elman Decl., Exh. A. The bond is for approximately 120% of the amount awarded in the final judgment and in the order granting Plaintiff's motion for attorneys' fees and costs.

Under Federal Rule of Civil Procedure 62(b), the bond shall operate to stay execution of the final judgment during the pendency of the post-judgment motions and any appeal and shall take effect when the Court approves the bond.

Moreover, district courts in the Ninth Circuit have, on multiple occasions and based on their inherent discretion under Rule 62, waived the bond or other security requirement in situations that mirror this case. Here are some examples: *Valenzuela v. City of Anaheim*, 17-00278, 2020 WL 10731248 (C.D. Cal. Apr. 20, 2020) (waiving bond requirement for almost $15 million judgment because it was clear the city had the assets to pay the judgment); *Am. Color Graphics, Inc. v. Travelers Prop. Cas. Ins. Co.*, No. C 04-3518, 2007 WL 1520952 (N.D. Cal. May 23, 2007) (waiving bond requirement for Travelers because Travelers' assets were

more than sufficient to ensure payment of a judgment over $4 million, and requiring a bond would only increase the costs to the parties, including the plaintiff if Travelers prevailed on appeal); *Dixon v. City of Coeur d'Alene*, Case No. 10-cv-78, 2011 WL 13137230 (D. Idaho Dec. 19, 2011) (waiving bond requirement for $3.7 million judgment where the court was satisfied the defendant had sufficient assets to satisfy the judgment, if necessary, after the appeal); *Kranson v. Fed. Express Corp.*, Case No. 11-cv-5826, 2013 WL 6872495 (N.D. Cal. Dec. 31, 2013) (waiving bond requirement for FedEx given company's obvious ability to pay judgment if it did not prevail on appeal).

Nonetheless, because Plaintiff would not agree to stipulate to seeking to waive the bond requirement, Walmart sought and secured the bond attached as Exhibit A, in an amount that is approximately 120% of the total judgment, including costs and attorneys' fees. Courts have substantial discretion to set the amount of a supersedeas bond and have generally approved bonds for 120% of the judgment. *See Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 (9th Cir. 1987) (recognizing that "district courts have inherent discretionary authority in setting supersedeas bonds" and that generally "a full supersedeas bond should therefore be required"); *Acacia Research Corp. v. Nat'l Union Fire Ins. Co.*, No. SA CV 05-501, 2008 WL 4381649, at *2 (C.D. Cal. Sept. 9, 2008) (ordering supersedeas bond for 110% of amended judgment); *Sw. Fair Housing Council v. WG Scottsdale LLC*, No. CV-19-00180, 2023 WL 183680, at *1 (D. Ariz. Jan. 13, 2023) ("Courts in this Circuit have set supersedeas bonds at 120% of the amount of the final judgment, to account for interest, costs of appeal, and any damages for delay.").

Plaintiff would not agree to stipulate to the bond, so Walmart is filing an unopposed motion.

A proposed order is filed concurrently herewith.

| | |
|---|---|
| Dated: February 22, 2024 | Respectfully submitted, |
| | **DUANE MORRIS LLP** |
| | By: */s/ Jeremy T. Elman* |
| | Jeremy T. Elman<br>Jennifer M. Lantz |
| | *Attorneys for Defendants*<br>WALMART INC. AND<br>WAL-MART.COM USA, LLC |

DM2\19221261.2

3

Notice of Motion and Unopposed Motion for
Approval of Bond and Stay of Execution
Case No. 2:19-cv-05495-MWF-JC